## Celeste Josephine Beale *v.* Samuel Ricker, Jr.

In all questions of lesion, the value of the property sold, at the time of the sale, is the rule by which the lesion is to be ascertained. Code 1805. If the value is not fixed within a certain range, by the evidence, the lesion is a matter of conjecture, and must be considered as not proved.

APPEAL from the District Court of the Parish of Jefferson, *Clarke*, J. Schmidt, for plaintiff. *Ogden* and *Duncan*, for appellant and defendant. By the court: (*Preston*, J., declined sitting.)

Eustis, C. J. This action is brought to rescind the sale of the undivided fifth of the undivided half of a tract of land, in the parish of Jefferson, about a league and a half above the city of New Orleans, on the left bank of the river, measuring about eight arpents front, and converging to a point at about one hundred arpents in the rear, together with an equal proportion of all the improvements, rights and privileges thereunto belonging. The sale was made by the plaintiff, to the defendant, for the price of three thousand dollars, for which the defendant gave his bond to the plaintiff's order, payable on or before the 15th of March, 1856, the interest at eight per cent being payable semi-annually. The sale was made in the city of New Orleans, and bears date the 17th March, 1846.

The several grounds on which the sale is sought to be rescinded are : 1st. The failure of the defendant to pay the price. 2d. Deception and fraud on his part, by which he obtained the land for a much less price than its value ; and 3d, lesion beyond moiety in the price.

The case was submitted to a jury, who found a verdict for the plaintiff on the ground of lesion, and not fraud, fixing the value of the land, on the day of the sale, at $6250.

The only proof of any default on the part of the defendant to pay the interest, is a demand made on the 6th of June, 1849, for two years of arrears, two hundred and eighty dollars, followed by a protest for non-payment. The suit was filed on the 18th of June of that year.

On this verdict the court rendered a judgment in favor of the plaintiff, rescinding the sale of the property described in the petition, but fixing the value, at the day of sale, at $6250, and allowing the defendant ninety days from the date of the final decree to pay the supplement of the price and retain the property ; the defendant to pay costs. From this judgment both parties have appealed.

Had this action been one to rescind the sale solely on the ground of the non-payment of the price, it might have been necessary to consider this ground ; but we are of opinion that the joining of the two other causes of action, to wit, fraud and lesion, in this action, supercede the necessity of examining its validity.

BEALE
v.
RICKER.

In relation to the charge of fraud, we do not think it is proved. Such probably was the opinion of the jury, which we infer from the verdict, and we do not feel ourselves authorized to rescind the sale on the ground of fraud.

The lesion found by the jury consists in the price being less than half of the value of the property sold, by the sum of one hundred and twenty-five dollars. The value, according to the finding, was $6250, and the price given was $3000, on the basis of cash.

The greater part of the testimony relied upon by the plaintiff, as supporting the charge of lesion, was taken nearly five years after the sale. The lesion exceeds one-half the value, by five per cent only, on the price. In examining the testimony we do not discover any means of fixing the value of the property, at the time of the sale, with the precision indicated in the verdict. We find it, on the contrary, quite a matter of uncertainty. We think it is necessarily so. The sale was not of a distinct parcel of land, but of an undivided interest of a fifth of a half of a tract of land, measuring about eight arpents, fronting the river, &c., the value of which depended almost entirely upon speculation, and liable to fluctuate accordingly. We do not find in the evidence any standard by which the value, at the time of sale, can be tested, which would authorize a court or jury in rescinding the sale on account of lesion beyond moiety. It is in proof, that this whole tract had been in litigation, and the joint ownership, with the litigants, was of itself an obstacle to its sale, by shares, at even its full value. The expense of a partition, to the purchaser, might exceed this sum of $125. In all questions of lesion the value of the property sold, at the time of the sale, is the rule by which the leison is to be ascertained. Code 1805. If the value is not fixed within a certain range, by the evidence, the leison is a matter of conjecture, and must be considered as not proved. Vide Code, 1805. Pothier Contrat de Vente, 343 *et seq.* Merlin's Rep. *verbo* leison. Code Napoleon, 1677 *et seq.*

The judgment of the district court is therefore reversed, and judgment rendered for the defendant, with costs in both courts.

Application for re-hearing refused.