No. 42.—WILLIAM M. GUICE v. SHERIFF SANDERS et al.

The precarious possession of personal property carries with it the presumption of simulation, C. C. 2456, 16 An. 5, but this presumption may be disputed by the vendee showing the reality of the sale.

Where the evidence shows that the sale of personal property was real and bona fide the injunction will be perpetuated against the seizing creditor of the vendor.

APPEAL from the Twelfth Judicial District Court, parish of Franklin. *Crawford*, J. *H. P. Wells*, for plaintiff and appellant, *Thomas J. Hough*, District Attorney, for the State, *et al.*, appellees.

HOWE, J. The defendants seized under execution, issued upon a judgment in favor of the State, a number of horses, mules and other stock as property of Moses S. Guice. The plaintiff, William M. Guice, enjoined, claiming the property.

The defendants answered that Moses S. Guice was the owner of the property, had been in possession of it for five years past, and that any pretended transfer thereof to the plaintiff was a simulation. There was judgment for the defendants, and plaintiff has appealed.

If Moses S. Guice was in possession of the property after the alleged sale and at the time of the seizure, the evidence shows that he was so by the leave of the plaintiff. The possession was precarious (C. C. 3522), and the sale would therefore be presumed to have been simulated. C. C. 2456; 7 N. S. 675; 4 R. 437; 16 A. 5. But this presumption is not a conclusive one, it may be disputed by the vendee showing the reality of the sale,

A careful examination of the testimony has satisfied us that the sale was a reality, and as the question whether or not it was a simulation is the only one now before us, we feel it our duty to reverse the judgment and perpetuate the injunction.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed, and that there be judgment in favor of the plaintiff perpetuating the injunction issued herein with costs.