## No. 9224.

### ELIZA PARKER VS. RICHARD TALBOT.

The presumption of simulation flowing from a sale of property, of which the vendor retains possession by a precarious title, must yield before proof of the good faith of the parties, and of the reality of the sale.

An action for the rescision of a sale on account of lesion, will not prevail if the sale was subject to an aleatory condition, unless the advantage derived by the vendee be of an apparent or immensely disproportionate character.

In such an action the inquiry is not so much as to the market value of the property as to its value to the vendor under the circumstances which surround him.

It is incumbent on the party complaining of lesion to show the value within a certain range otherwise the lesion is a matter of conjecture and is not proved. 7 Ann. 667, 8 Ann. 483.

The demands for rescision on account of lesion, and on account of non-payment of the price, cannot be cumulated in the same action.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston,* J.

*Farrar & Kruttschnitt* for Plaintiff and Appellee.

*B. R. Forman* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff claims the ownership of a piece of immovable property, (now in the possession of defendant) by right of purchase by authentic sale, under date of August 7, 1878, from Miss Mary Talbot, since deceased.

Defendant, who is the executor of the succession of Mary Talbot, his sister, and her universal legatee, and who claims to be a creditor, resists her demand on the following grounds:

1. That her purchase is a mere simulation.

2. That if the sale was not simulated, it is null, for lesion beyond moiety.

3. That plaintiff has failed to pay the price stipulated in the act of sale, hence the sale should be rescinded.

4. And he reconvenes for the amount collected by plaintiff on account of the insurance on the house, which has been destroyed by fire since the death of his sister.

He has taken this appeal from a judgment which recognized the legality of plaintiff's title, rejected his reconventional demand and reserved plaintiff's right to sue for and recover rents and revenues realized by him during his illegal possession of the property.

The act of sale of August 7, 1878, is complete in form and is translative of property.

The consideration of the sale was the sum of twelve hundred dollars, composed of the following items:

1. The assumption by the purchaser of a note of the vendor held by Mrs. Eliza Parker, the mother of plaintiff, and sister of Mary Talbot, amounting with accrued interests to $522.

2 The assumption of a mortgage note of the vendor amounting with interests to $323 87.

3. The obligation assumed by the purchaser to pay past due taxes, and premiums of insurance, for account of her vendor, estimated at $100.

4. The vendee's note in the sum of $254 13.

And as an additional consideration, the vendor reserved the usufruct of the property during her lifetime.

First—The evidence is conclusive that the sale was not a simulation, but that it was made for a real and valid consideration.

Hence the presumption of simulation, which flows from the fact of the vendor's retaining possession of the property, ( C. C. 2480 ) must yield under the effect of the proof that the parties were in good faith as shown by the evidence in this case.

The reality of the sale, even if left in doubt by all other circumstances, would be conclusively proven by the acts and conduct of the vendor herself. After the disruption of the friendly relations which existed between her and her sister, Mrs. Parker, and her niece, the plaintiff herein, Mary Talbot, frequently complained to the agent of her vendee that the sale had been made for too low a price, and she demanded more money—but never intimated that the sale was unreal.

A more complete ratification, and a more thorough acknowledgment of the sale as valid and binding could hardly be imagined in any given case. No objection was made to parol evidence.

The reality of the sale is virtually conceded by defendant's counsel, who argues in his brief that the act was intended to secure a debt due to Mrs. Parker by her sister, Mary Talbot, the vendor.

Second—We will now consider the nullity alleged to grow out of lesion beyond moiety.

From the foregoing statement it appears that the sale in question was an aleatory contract, in which the effects as to the advantages and losses to both parties, depended on an uncertain event; the death of the vendor, Mary Talbot. C. C. 2982.

In France, whence we borrow the rules governing that kind of contract, the doctrine prevails that, unless the advantages to the vendee, under the contract, be immensely disproportionate, the sale will not be rescinded on account of lesion. Merlin Repertoire verbo Lésion, sect. 1, No. 8; Marcadé, vol. 6, pp. 313 and 314.

The record shows that at the date of the sale the vendor was quite sick, but not in immediate danger of death. The attending physician testifies in the case, and he states that he then saw no danger of an approaching dissolution, and that he had expressed that opinion to Mary Talbot and to the members of her family. She recovered from the attack which had then prostrated her, and died one year after the execution of the sale.

The testimony of the witnesses as to the actual value of the property, is naturally very conflicting, and varies from $2000 to $3000. That testimony has exclusive reference to the market value of the property. But in an action for the rescision of a sale on account of lesion, the value of the property must be tested under the additional consideration of what the property is worth to the vendor at the time of the sale and under the circumstances by which he is surrounded. 16 La. 380, Copley vs. Flint and Cox.

The case in hand is a fair illustration of the rule. The vendor, Mary Talbot, a single woman, owning no other property, stricken with a disease from which she expected no recovery, but with which she could yet have lingered several years, had no other income but the rental of one-half of the house which she owned and in which she lived. The property was mortgaged to secure a past due note, for which payment could be exacted at any time. A sale of her property by the operation of which she was screened from annoyance of debts

Parker vs. Talbot.

amounting to nearly $1000, and by which she secured a permanent home for her lifetime, without losing the small rental of twenty dollars a month for one-half of the house, was a transaction which would commend itself as very wise and prudent to any reasonable mind, and justifies the conclusion that the property was not worth more to her than the price stipulated at the date of the sale.

Again, conceding for the sake of argument, that the market value of the property was as high as $3000, it appears from the evidence that its use and enjoyment for one year was equal in value to $480, which, added to the $1200, the purchase price, would foot up at least $1600, more than one-half of the value of the property, and hence, in either hypothesis, there was no lesion. But in point of fact, the evidence does not fix the real market value of the property at the date of the sale. As stated, the valuation varies from $2000 to $3000; and it is incumbent on the defendant, praying in reconvention for the rescision of the sale, to make out his case with legal certainty. It has been held, and we reiterate the ruling that, "if the value of property is not fixed within a certain range by the evidence, the lesion is a matter of conjecture and must be considered as not proved." 7 Ann. 667, Beale vs. Ricker; 8 Ann. 483, Demaret vs. Hawkins.

Third—As to the prayer for rescision of the sale on account of non-payment of the price, we are of opinion that such a demand cannot be cumulated with the demand for rescision on account of lesion beyond moiety.

On the last mentioned ground the theory is that the sale is null *ab initio;* on the former the complaint is that the price of a valid and real sale has not been paid.

Hence it is clear that one demand precludes the other, and that both cannot be pressed in the same action.

"A vendor cannot demand, at the same time, the rescision of the sale he had made and the price for which it was made." C. P. art. 159; 16 La. 380, Copley vs. Flint and Cox.

Under these views of the case, the discussion of many other points submitted by counsel becomes unnecessary. Plaintiff's title must, therefore, be recognized.

Judgment affirmed.