(48 South. 333.)

No. 17,257.

## HICKMAN v. WASHINGTON.

(Feb. 1, 1909.)

**1. VENDOR AND PURCHASER (§ 44\*)—RESCISSION OF SALE—LESION BEYOND MOIETY.**

This action is to rescind a sale "for lesion beyond moiety." The district court set aside the sale. *Held* error.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 44.\*]

**2. VENDOR AND PURCHASER (§ 44\*)—RESCISSION OF SALE—BURDEN OF PROOF.**

The judge's estimate of the value of the property, under his appreciation of the evidence, was too high. The burden was on the vendor to prove lesion beyond moiety by evidence peculiarly strong and convincing, and of such a nature as to exclude speculation and conjecture.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 44.\*]

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by George W. Hickman against Mary Stella Washington. Judgment for plaintiff, and defendant appeals. Reversed, and suit dismissed.

John Nash Ogden and Gilbert Louis Dupré, for appellant. Garland & Harry, for appellee.

## Statement of the Case.

NICHOLLS, J. The plaintiff alleged: That on the 1st day of April, 1907, Kenneth Baillio, of whose succession he was the administrator, sold to Mary Stella Washington, then a feme sole, but at the institution of the suit the wife of Benjamin Strickney, by act under private signature authenticated on the same day by Lucius Dupré, notary public, and duly recorded, certain property described in the petition. That the consideration of said sale was the sum of $1,800, of which $200 was paid in cash, and for the balance said purchaser executed eight promissory notes, secured by mortgage and vendor's privilege on the land so sold, and maturing six, seven, and eight years from date, each for the sum of $200, and bearing 8 per centum interest from maturity until paid, which, after being signed by Mary Stella Washington, vendor acknowledges to have received. That none of said notes are yet due; but, notwithstanding that none of them have ever been paid, said notes are now in the possession of said vendee, Mary Stella Washington, who took illegal possession thereof after the death of said Kenneth Baillio, and refuses to deliver to your petitioner possession of said notes, which are still the property of the estate of said decedent.

That the property sold by said decedent, and herein described, for and in consideration of the sum of $1,800, was fully worth, at the time it was so sold, the sum of $4,200, or more than twice the amount for which it was sold. That said sale should be rescinded, annulled, and set aside for lesion beyond moiety, upon petitioner reimbursing to said vendee the amount of $200 paid by her as aforesaid.

That he cannot tender the notes executed by the vendee herein in payment of said property, because of their illegal detention by said vendee. That, in the event said sale be not rescinded and annulled for lesion beyond moiety, then and in that alternative petitioner avers that said notes as herein above referred to have never been paid and are still due; that at the death of said decedent, who some time prior to his death had a room at the house of the defendant herein, where he was in the habit of going, said notes were illegally taken possession of by said defendant, who refuses to deliver the same to petitioner; that said defendant has paid no part of said notes, and still retains illegal possession of the same, notwithstanding amicable demand; and petitioner was entitled to demand and recover possession of said notes.

In view of the premises, petitioner prays

that said Mary Stella Washington, wife of Benjamin Strickney, and said Benjamin Strickney, individually and to authorize his said wife, both residents of St. Landry parish, be cited; that there be judgment in favor of petitioner and against said defendants, rescinding and annulling the sale made by the late Kenneth Baillio on the 1st day of April, A. D. 1907, of the property described, upon plaintiff paying to her the sum of $200, the amount paid by her in cash as part consideration of the purchase price of said property, and the cancellation of the notes executed by her, and ordering and directing said defendants to deliver to petitioner possession of said property.

In the event said contract of sale be not rescinded and annulled as herein set forth, then and in that event petitioner prayed that there be judgment decreeing said notes to be the property of the estate of said Baillio, and ordering and directing said defendants to deliver to petitioner possession of said notes, to be collected in due course of administration, and in the event said notes be destroyed, or not produced, that petitioner be reserved the right to proceed on said notes as on lost notes. Petitioner further prayed for costs and for all general relief.

Defendant excepted that plaintiff's petition disclosed no cause of action; but, if it did (which he denied), plaintiff was estopped from prosecuting this action in the manner and form herein sought to be done; that as administrator of the estate he represents he caused to be inventoried as the property of said succession the notes in suit, claiming their ownership and in this way affirming the sale; that he cannot now be permitted to disavow ownership of said notes and shift his position to a contrary one.

In view of the premises, exceptor prays for maintenance of this exception and for dismissal of this suit, at plaintiff's costs, and for general relief.

This exception being overruled, defendant answered. After pleading a general denial, defendant admitted the purchase of the property in suit, and the payment of $200 on account of the price, as is therein set out, and the execution of her notes for the credit portions, but specially denied that she illegally took possession of the notes then in her possession, or that she illegally detained the same, and averred that the allegations in said petition to this effect were without foundation in fact; that the deceased handed to her in person the said notes, at the time stating to respondent they were paid; that respondent never questioned for a moment this declaration of the said deceased, other than to ask him what else was to be done in relation thereto, when he replied, "Nothing, beyond the cancellation of the mortgage which was given to secure their payment," which matter he would himself attend to.

In view of the premises, respondent prayed for maintenance of the sale made to her by the said deceased, Kenneth Baillio, and to be hence dismissed, with costs, and for general relief.

The district court rendered judgment decreeing that the contract of sale entered into by the late Kenneth Baillio and the defendant herein, on the 1st day of April, A. D. 1907, of the property herein described, be annulled, rescinded, and set aside, upon the plaintiff herein paying to the defendant the sum of $200, and that the notes executed by said defendant, for the unpaid balance of the purchase price of said property, be canceled and annulled, and the mortgage securing the same be effaced from the mortgage records of this parish; that defendant deliver to the plaintiff herein possession of the property described in said contract of sale, to be by him disposed of in due course of the administration of said estate of the late Kenneth Baillio.

It further ordered that defendant pay all costs of this suit, to be taxed.

The district judge assigned written reasons for his judgment. The following is an extract taken from these reasons:

"From the circumstances attending the sale of this property, and the rather peculiar conditions under which the defendant alleges to have acquired possession of the notes executed by her in consideration of the credit portion of her purchase, the court is free to admit that, had the issue been thus presented, it would have considered said transaction in the light of a donation subject to nullity for want of form.

"But by the pleadings the issue presented must be limited to a rescission of the contract for lesion beyond moiety; and for ·a proper judicial consideration of that issue the contract must be treated as a real contract, and that it is what it purports to be—a sale.

"Viewing the issues from this standpoint, the court is confronted with three cardinal principles governing actions of rescission of contracts of sale for lesion beyond moiety.

"First. Where the vendor has been aggrieved for more than half of the value of the immovable estate by him sold, he has the right to demand a rescission of the sale. Civ. Code, art. 2589.

"Second. To ascertain whether there is lesion beyond moiety, the immovable must be estimated according to the state in which it was and the value which it had at the time of the sale. Civ. Code, art. 2590.

"Third. The proof of the value of the property at the time of the sale, to sustain an action of lesion, must be strong and satisfactory. Beale v. Ricker, 7 La. Ann. 667; Demaret v. Hawkins, 8 La. Ann. 484; Parker v. Talbot, 37 La. Ann. 22.

"Applying these principles to the case at bar, the court has reached the following conclusions:

"The circumstance that the deceased vendor was in the habit of visiting the house of the vendee weekly, though their social status differed so widely, and his peculiar conduct with reference to the notes executed by the vendee, convinces the court that the vendor, by reason of some weakness not disclosed by the evidence, was imposed upon to the extent of selling his property at a price far less than its real value. It becomes, therefore, now the duty of this court to ascertain how far the evidence adduced in behalf of the plea of lesion sustains the demand of the plaintiff that the sale be rescinded, because the value of the property at the time of the sale was more than double the amount mentioned as the consideration in the deed.

"Summarizing the testimony of the various witnesses sworn in behalf of the plaintiff, the court comes to the conclusion that the value of the property, before the improvements were placed thereon, in so far as the 50-arpent tract is concerned, be fixed at $50 per arpent, or $2,500, apart from the improvements, and that the improvements, completed but a few days prior to the sale at a cost of $1,750, would scarcely be considered to be worth less than $1,000, which, together with the woodland mentioned in the deed, and shown to be worth $120, makes an aggregate value of $3,620.

"But, assuming that the value of the property described as the 50-arpent tract should be estimated at $40 per arpent, and the improvements thereon, due to the fact that they had just been completed at the contract price of $1,750, at $1,500, as fixed by the defendant's witness Thibodaux, and the woodland at $120, the court finds that still the real value of the property is more than double the price mentioned in the deed.

"The court, therefore, is of opinion that the contract of sale of the property herein described should be annulled, rescinded, and set aside, upon the plaintiff's paying to the defendant the sum of $200, the amount mentioned in the deed as having been paid by the defendant in cash on day of sale."

Defendant has appealed.

## Opinion.

The present action is one for rescission of a contract of sale from Kenneth Baillio to the defendant, Mary Stella Washington, a feme sole, on the ground of a lesion beyond moiety.

The action is not brought by the vendor himself, but by the administrator of his succession. The trial judge was evidently disposed to consider the act between the parties "in the light of a donation subject to nullity for want of form," but declared that "by reason of the pleadings he had to deal with it as a real contract, and that it was what it purported to be—a sale."

Acting from that standpoint, he rescinded the sale upon application of the testimony adduced on the trial, as he appreciated its weight, to the law governing actions for rescission of sales for lesion beyond moiety embodied in articles 2589 and 2590 of the Civil Code. He recognized that, as announced in Beale v. Ricker, 7 La. Ann. 667, Demaret v. Hawkins, 8 La. Ann. 484, and Parker v. Talbot, 37 La. Ann. 22, the evidence in support of the right to a rescission must be strong and satisfactory.

The last expression of opinion by this court on that subject will be found in Succession of Witting, 121 La. 501, 46 South. 606, and Girault v. Feucht, 120 La. 1070, 46 South. 26. In the first of these two mentioned cases this court declared that:

"The burden is on the vendor to prove lesion beyond moiety by evidence peculiarly strong and convincing, and of such a nature as to exclude speculation and conjecture. The highest estimation, under the rule cannot be adopted as the true measure of value. The court referred, in making this declaration, to a prior announcement to the same effect in Girault v. Feucht."

In the present instance the property was unquestionably sold to the defendant for a price below its actual value; but, unless and until it has been shown that the price stipulated falls short of the actual value of the property to the extent required by law to raise the presumption of fraud, that presumption does not arise.

Defendant's counsel, referring to Mr. Baillio, urge that:

"The vendor was an able man and a great lawyer as well. For years he stood in the front rank of the profession, and this fact entitles us to presume that he knew what he was doing when he disposed of the property for $1,800. Certain it is he was not being imposed upon."

We have no idea that Mr. Baillio would have brought this suit himself; but it is brought by his administrator, whose right to bring it is not disputed. Should he have sustained his demand by sufficient evidence under the rule announced in Succession of Witting, the judgment appealed from will necessarily have to be affirmed.

We have examined the evidence with care with reference to that rule. The estimates of the value as made by the trial judge, upon testimony of character proverbially uncertain, pass the legal deficiency line by an exceedingly narrow margin; but those estimates themselves are too high under the evidence.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is, annulled, avoided and reversed, and plaintiff's suit is dismissed, at his costs.