71 So.2d 868

**DOSHER et al.**

**v.**

**LOUISIANA CHURCH OF GOD.**

No. 40725.

March 22, 1954.

Anders & Anders, Winnsboro, for plaintiff-appellant.

Cotton & Bolton, Rayville, for defendants-appellees.

FOURNET, Chief Justice.

The plaintiffs, as trustees and members of the congregation of the Green Chapel Church of God, located just outside Oak Grove, Louisiana, are appealing from a judgment dismissing their suit to set aside a deed dated October 19, 1946—wherein they conveyed to the Church of God of Louisiana, for a recited cash consideration of $5,000 and "other good and valid considerations," the naked ownership of the land and buildings constituting the church property, subject to certain conditions and exceptions—on the grounds that there had been (1) no meeting of the minds, and (2) that there was lesion beyond moiety.

Before answering, the defendants filed, among other pleadings, exceptions to the citation, exception of want of capacity to sue, and exceptions of no cause and no right of action, the first levelled at the fact that the parties named and cited as trustees of the Church of God of Louisiana are not such: the others based on the contention that the plaintiffs were, under the original petition[1], without authority to institute the proceedings. In their answer they stood upon the deed, which, they contended, reflected the agreement of the parties and had been for a full and fair price—clearly for an amount in excess of half the value of the property acquired.

The plaintiffs have apparently abandoned their contention that the deed did not reflect their understanding of the property rights to be conveyed, i. e., the use only of the property by the state church during a short period each year for camp meeting purposes, for although there are allegations to this effect in the petition and mention is made of the fact in the written brief in this court, the annulment of the deed on this ground was not prayed for, there was no attempt made to establish such a contention during the trial of the case, and it was not argued orally here.

In this court the defendants are re-urging their exceptions. However, pretermitting passage on these at the present time, we think the plaintiffs have clearly failed to establish by competent evidence that the consideration paid for the property rights acquired[2] was less than half the value thereof.

1. After the filing of these exceptions, plaintiffs, over the strenuous objection of the defendants, amended their petition to provide for their appearance in their individual capacities as members of the congregation of the Green Chapel Church of God, as well as in their capacities as trustees.

2. Under the deed the state church acquired the naked ownership of a 5-acre tract of

It is provided in the LSA–Civil Code that "If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing's value." Article 2589. In order to ascertain whether there has been lesion beyond moiety, "the immovable must be estimated according to the state in which it was, and the value which it had at the time of the sale". Article 2590. See, also, Beale v. Ricker, 7 La.Ann. 667; Hyde v. Barron, 125 La. 227, 51 So. 126; White v. Bergstedt, 164 La. 993, 115 So. 59. The vendor has the burden of proving the lesion beyond moiety, Parker v. Talbot, 37 La. Ann. 22; Girault v. Feucht, 120 La. 1070, 46 So. 26; Succession of Whitting, 121 La. 501, 46 So. 606; Lewis v. Baker, 128 La. 92, 54 So. 482, and the evidence to establish this fact must be particularly strong and convincing—of such a nature as to exclude speculation and conjecture. Riviere v. Bossiere, 5 La. 382; Beale v. Ricker, supra; Demaret v. Hawkins, 8 La.Ann. 483; Parker v. Talbot, supra; Shreveport Rod & Gun Club v. Board of Commissioners of Caddo Levee District, 48 La.Ann. 1081, 20 So. 293; Mayard v. Laporte, 109 La. 101, 33 So. 98; Hickman v. Washington, 122 La. 945, 48 So. 333; Hyde v. Barron, supra; Lewis v. Baker, 128 La. 92, 54 So. 482; and Fernandez v. Wilkinson, 158 La. 137, 103 So. 537.

The plaintiffs have offered no evidence whatsoever to establish the value of the property rights transferred, that is, the naked ownership of the property and the right to use it only during a short period of from one week to ten days each year. The only evidence that was offered was with respect to the amounts allegedly expended in 1945 and 1946 during a building and remodeling period, and the cost of duplicating the structures on the premises as of the trial —the latter part of 1951. Even this testimony is of the most unsatisfactory character. Harold Dosher, one of the plaintiffs, sought to establish the fact that he had expended during the building and remodeling program some $18,000 or $19,-000 as the treasurer of the building fund. However, he had no records and, testifying from memory, could account for approximately $5,000—which was the amount owed by the local church as the result of

---

land, together with all of the buildings thereon except the parsonage and the acre on which it was constructed, as well as the use of the property for a short period during each year for camp meeting purposes. The local church retained the ownership of the parsonage and the use of the remainder of the property except during the periods of camp meeting. The state church, in addition to the cash consideration, agreed to maintain the property and buildings in good repair.

the building program, and which was eventually paid by the state church as a part of the consideration for the sale. In fact, although he stated he secured this large sum of $18,000 or $19,000 from contributions, he could account for only approximately $1,800 from this source. The only other witness for plaintiff who placed an estimate of valuation on the property was a carpenter, and his estimate was based on the present cost of construction or replacement of the buildings.

The judgment appealed from is affirmed, at the cost of the appellants.