HERGET, Judge.
On September 8, 1932 John S. Kramer, Sr. deeded to John S. Kramer, Jr. certain property in Bogalusa, Washington Parish, Louisiana, which deed is of record in Conveyance Book 60, page 107 of the Clerk of Court’s office in said parish. At the time of the sale a portion of the property was being occupied by the Kramer family as a home. Subsequent to the sale the family continued to occupy the premises until Mr. Kramer, Sr. left the domicile some 30 days or so thereafter, went to Yugoslavia and never returned to .this country. Mrs. John S. Kramer, Sr. continued to occupy the premises for the remainder of her life.
On October 18, 1957 John S. Kramer, Jr. filed a petition in the Twenty-Second Judicial District Court, Parish of Washington to (1) open the succession of his father, John S. Kramer, Sr., who died in Yugoslavia on December 6, 1951; annexed to the petition for probate the purported last will and testament of decedent dated September 19, 1943; .obtained an order for the taking of an inventory and appraisement of the property left by the decedent, which was taken and filed in the proceeding. Annie Kramer Collette filed in the proceeding a pleading styled “Answer of Annie Kramer Collette” in which she alleged she was the daughter of decedent and therefore one of his forced heirs; that the purported will was null and void for various reasons and opposed the inventory filed in the record for the alleged reason the above referred to deed from John S. Kramer, Sr. to John S. Kramer, Jr. was a simulation, was a sham conveyance, and was procured by John S. Kramer, Jr. by fraud, and same should be set aside and annulled and upon the nullity of said conveyance being decreed the property transferred thereby should be inventoried in the succession of her father.
On the same date, October 18, 1957, John S. Kramer, Jr. likewise filed proceedings in said court to (2) open the succession of his mother, Mrs. Mary Zorke Kramer, who died on April 15, 1956. In the petition he asked for an inventory and appraisement of the property belonging to her succession, which was made and filed. Annie Kramer Collette also filed an opposition in this proceeding and alleged the sale from her father to her brother was a simulation and opposed the failure to include the property described in the deed in the inventory among the effects left by her mother.
By stipulation of counsel the oppositions of Annie Kramer Collette in the successions were consolidated for the purpose of trial with separate judgments to be rendered by the Court.
Upon conclusion of the trial of the cases the Trial Court, for written reasons in a consolidated opinion but by separate decrees, disposed of the issues involved in both cases.
(1) In the Succession of John S. Kramer, Sr., judgment was rendered, read and signed recognizing Mary Zorke Kramer who survived John S. Kramer, Sr. as the widow in community and she was placed in possession of of all the property belonging to the community at the time of decedent’s death, particularly the property described in the inventory; the last will of John S. Kramer, Sr., dated September 19, 1943, was admitted to probate, registered and recognized as *690 being valid and legal and John S. Kramer, Jr. was recognized as the testamentary executor of the will; the bequests in the said will to Mary Zorke Kramer and John S. Kramer, Jr., were reduced, pro rata, in order to permit Annie Kramer Collette to inherit 14 of the estate of the decedent. Mary Zorke Kramer was recognized and decreed to be entitled to the ownership and sent into possession of ¿-¿ths of the property left by decedent, particularly the property described in the inventory; John S. Kramer, Jr. was decreed and recognized to be entitled to the ownership and sent into possession of ¡Híths of the property left by the decedent, particularly the property described in the inventory, and Annie Kramer Collette was recognized, and decreed to be entitled to the ownership of %ths of the property left by the decedent and sent into possession thereof, particularly the property described in the inventory. It was further ordered, adjudged and decreed that the deed was valid by which John S. Kramer, Sr. conveyed to John S. Kramer, Jr. the property described in the said deed of date September 8, 1932 and the demands in the opposition of Annie Kramer Collette seeking to set same aside as a nullity were rejected and likewise the demands of Annie Kramer Collette in the opposition to the inventory were rejected.
(2) In the decree in the Succession of Mary Zorke Kramer, John S. Kramer, Jr., Annie Kramer Collette and Marija Bravar were recognized as the sole heirs of decedent and placed in possession of the estate of said decedent in the proportions of an undivided 1/3 to each. Judgment was further rendered in favor of John S. Kramer, Jr. and against Annie Kramer Collette rejecting the demands in the opposition of Annie Kramer Collette seeking to have the deed from John S. Kramer, Sr. to John S. Kramer, Jr. dated September 8, 1932 set aside, cancelled, annulled, and held for naught, and the Court further decreed that the demands of Annie Kramer Collette opposing the inventory and praying that same be amended to include the interest (purportedly a 14 community interest of decedent) in the property conveyed by John S. Kramer, Sr. to John S. Kramer, Jr., be rejected.
Separate judgments were rendered, read and signed by the Trial Court in the successions. From the judgment rendered in the Succession of John S. Kramer, Sr, Annie Kramer Collette entered and perfected a devolutive appeal returnable to the Supreme Court of the State of Louisiana. In accordance with the constitutional amendment, Article 7, Section 30, vesting jurisdiction of such appeals in the Courts of Appeal, the Supreme Court transferred her appeal to this Court for decision. No appeal was taken or perfected from the judgment rendered by the District Court in the Succession of Mrs. Mary Zorke Kramer.
In the oral argument and briefs filed in this. Court, appellant restricted her contention to that part of the judgment which rejected her demands seeking to set aside the sale from John S. Kramer, Sr. to John S. Kramer, Jr. and to the failure to include said property in the inventories in the Successions of John S. Kramer, Sr. and Mary Zorke Kramer.
John S. Kramer, Sr. and Mary Zorke Kramer were married in 1900. Four children were born of the marriage, two of whom, Annie Kramer (Mrs. Joe Collette) and John S. Kramer, Jr., survived their parents as the sole heirs of John S. Kramer, Sr. Prior to her marriage to John S. Kramer, Sr., Mary Zorke had been married and of her former marriage one child survived Mary Zorke Kramer, namely: Marija Bravar, presently residing in Yugoslavia.
For her contention, appellant relies on the provisions of LSA-Civil Code, Article 2480 asserting that where the father (vendor in the deed) remained in possession of the community property for one month after executing a sale thereof to his son and thereafter his wife resided thereon until her death in 1956, a presumption arises that *691 the sale was a simulation and the vendee has the burden of proving- he acquired the property for an appropriate and valuable consideration and that the transaction was genuine. This was the decision of the Supreme Court of this State in the Succession of Combre, 217 La. 955, 47 So.2d 734. In the instant case this presumption is, however, not a conclusive one but may be validly refuted by the vendee showing the reality of the sale in question. Such was the holding by the Courts in the cases of Guice v. Sanders et al., 21 La.Ann. 463; Parker v. Talbot, 37 La.Ann. 22.
On the trial of the cases John S. Kramer, Jr. readily admitted there was no cash consideration of $1,000 paid by him when the sale was executed in 1932. His uncon-tradicted testimony was to the effect his father owned and operated a cabinet shop in Bogalusa and that he, John S. Kramer, Jr., was employed in the shop by his father; that the wages which he earned were retained by his father -with the understanding same would be so retained until Kramer, Jr. needed the money he earned. He further testified that his father abandoned the cabinet shop business and went to work for the Great Southern Lumber Company, while he, Kramer, Jr., obtained work with W. L. Smith, a merchant in Bogalusa, working after school, on weekends and in the summer; that subsequent thereto his father obtained a job for him with the Bogalusa Broom Handle Factory and Furniture Company, and even while his father was employed with the Great Southern Lumber Company in the repair department he worked with his father and all the money he earned was turned over to his father to be held and accumulated for him. In addition, it was his uncontradicted testimony that after his father’s departure for Yugoslavia he was the sole support of his mother. The evidence further reflects that for the past 19 years he paid the taxes on the property in question, the bills for water supplied thereto and all charges for the repairs and upkeep of the premises. There was offered in evidence in connection with his testimony a check paid by him to the husband of appellant for repairs made to the premises in question. The evidence shows he permitted his mother to retain rents collected from portions of the premises unoccupied by her; however as he was her sole support, in addition to the rents collected by her, he supplemented her income with money he furnished her for her support.
The Trial Court, who had an opportunity to see and observe the witnesses, in his written reasons for judgment was of the opinion that John S. Kramer, Jr. “ * * * convincingly carried the burden of proof, and I am of the opinion that he paid a valuable consideration for the property acquired from his father in the year 1932 * * Finding no manifest error in the judgment of the Trial Court, we are of the opinion that the sale of the property located in Washington Parish, Louisiana, of date September 8, 1932, recorded in Conveyance Book 60, page 107 from John S. Kramer, Sr. to John S. Kramer, Jr., his son, was not a simulation but that same was made for a real and valid consideration.
Accordingly, the presumption of simulation which flows from the retention by vendor under LSA-Civil Code Article 2480 asserted by the opponent in this succession must yield to the convincing proof that John S. Kramer, Jr. paid a true and valuable consideration for the property and that the sale was made in good faith by the parties.
For these reasons, the judgment of the Trial Courtis affirmed.
Judgment affirmed.
JONES, J., recused.