## MARTIN F. DEMARET *v.* JOSEPH T. HAWKINS.

In judicial sales the amount of mortgages assumed by the purchaser, and which turn out not to be due, enure to the benefit of the defendant in execution.

The right to rescind a sale for lesion beyond moiety, is the only restraint upon the liberty of the the citizen to bind himself and his property according to the dictates of his own judgment: and the evidence relied on to establish lesion should be peculiarly strong and conclusive.

| 8 | 483 |
| 109 | 110 |
| 8 | 483 |
| 119 | 354 |
| 119 | 826 |
| 8 | 483 |
| f122 | 696 |
| 122 | 949 |
| 122 | 950 |
| 8 | 483 |
| f125 | 231 |

APPEAL from the District Court, Parish of St. Mary, *Voorhies*, J. *Lewis & Olivier*, for plaintiff. *Gibbon*, for defendant and appellant.

ROST, J. This is an action for the recission of a sale of immovable property on the ground of lesion beyond moiety.

The defendant admits the purchase, but avers that the price stipulated, and the onerous conditions imposed upon him, were the full value of the property at the time he acquired it.

The case was tried before a jury, who limited their verdict to the finding of the following facts:

1st. That the real consideration of the sale was $17,836 00.

DEMARET
v.
HAWKINS.

2d. That the property was worth on the day it was sold $37,923 80.

The defendant has appealed from the judgment rendered against him on this verdict.

It is stated in the act of sale, which is authentic, that the price agreed to be paid is $20,576, and the fact found by the jury that it was $17,836 is manifestly erroneous. The purchaser is bound, under all circumstances, to pay the price stipulated, and if the amounts, which he assumed to pay as part of it, were not due, or have since been paid by the vendor, the latter can recover them from him. 3d M. R. 248. It has been frequently held that in judicial sales the amount of such mortgages, assumed by the purchaser, as turned out not to be due, enure to the benefit of the defendant in execution. We consider the principle elementary.

This was clearly the view taken originally by the plaintiff's counsel, as is shown by the allegation in the petition, that the property was sold for $20,576, which is alleged to be less than half of its value; and it is singular that the jury should have disregarded that admission, and the authentic evidence of its truth. Taking this sum to have been the real consideration, lesion beyond moiety was not proved to the satisfaction of the jury; and after a careful perusal of the evidence, we are satisfied that if there is error in their estimate, it is not because it is *too low*. Under the view we took in the case of *Beale* v. *Ritters*, 7th Ann., of the limits in which the estimates of the value of the property, at the time of the sale, should range in cases of lesion, that evidence is far from being satisfactory. Probable estimates are at best an inferior kind of evidence, admissible only when no better can be had, and they seldom carry conviction to the mind. In this case, for instance, thirty-two witnesses were examined, and made as many different estimates, ranging from $22,637 00 to $42,250 00. The estimate of the jury differs from all the others. Such a result has not the reasonable certainty upon which alone courts of justice can act in setting aside a contract entered into in good faith. See *Seaton* v. *Municipality No. 2*, 3d Ann. 44.

The right to rescind a sale for lesion beyond moiety, is the only restraint upon the liberty of the citizen to bind himself and his property according to the dictates of his own judgment, and the evidence relied on to establish that right, should be peculiarly strong and conclusive.

It is ordered that the judgment in this case be reversed—that there be judgment in favor of the defendant, with costs in both Courts.