(51 South. 126.)

No. 17,516.

HYDE v. BARRON.

(Nov. 29, 1909.)

*(Syllabus by the Court.)*

1. LOGS AND LOGGING (§ 3*)—SALE OF STANDING TIMBER—LESION BEYOND MOIETY.

Timber sold while standing on the land of the vendor continues to be an immovable. "Standing trees are immovable even when separated in ownership." Act No. 188 of 1904. The sale of timber comes within the provisions of article 1861 of the Civil Code, according to which relief is granted the vendor of an immovable. if the price given is less than one-half of the value.

[Ed. Note.—For other cases, see Logs and Logging, Dec. Dig. § 3.*] .

2. VENDOR AND PURCHASER (§ 13*)—REMEDIES OF VENDOR—LESION BEYOND MOIETY—BASIS OF RELIEF NECESSITY FOR FRAUD.

To support the action of lesion beyond moiety there is no need to show fraud, for the remedy given for lesion is founded on the implied error of the vendor, or upon the imposition upon him. Inadequacy of price, less than one-half the value, is considered an imposition, although not in its nature a fraud. The insufficiency of price is the imposition.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 13.*]

3. VENDOR AND PURCHASER (§ 13*)—REMEDIES OF VENDOR—LESION BEYOND MOIETY—VALUE TO BE CONSIDERED AS OF DAY OF SALE—EVIDENCE.

In fixing the value of the property, the price must be considered as of the day of the sale. Civ. Code, art. 1871. And the value of the property, in order to support the action of lesion, must not be left to conjecture, but must be fixed and certain, and in fixing this value a high estimate will not recommend itself to the court.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 13.*]

*(Additional Syllabus by Editorial Staff.)*

4. LOGS AND LOGGING (§ 3*) — SALES OF STANDING TIMBER—LESION BEYOND MOIETY.

In an action by the vendor of timber for lesion beyond moiety, evidence *held* to show that it was sold for less than half of its value.

[Ed. Note.—For other cases, see Logs and Logging, Dec. Dig. § 3.*]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by William A. Hyde against Thomas C. Barron. Judgment for plaintiff, and defendant appeals. Affirmed.

Robt. P. Hunter & Sons, for appellant. R. H. McGimsey, for appellee.

BREAUX, C. J. Plaintiff instituted this suit to have a sale decreed null on the ground of lesion beyond moiety.

One hundred dollars was the purchase price for the merchantable pine timber standing on 160 acres of land.

The year 1914 was the time fixed to cut down and haul away the timber.

Plaintiff's complaint is that he was poor

and in necessitous condition, and was by it forced to sell his land.

Plaintiff on the 1st of October, 1907, tendered the $100 purchase price, interest, and cost, and a short time thereafter instituted this suit.

The defendant admits that he bought the right to cut timber described in plaintiff's petition, but denies that the price was inadequate. He avers, on account of the location of the timber, its inaccessibility, the price paid was good and sufficient.

The district court decided in favor of plaintiff, annulling and setting aside the sale, for leison beyond moiety, on the payment by plaintiff to defendant of $100, with interest from the date of the sale, $79, value of timber cut and removed by the defendant.

There was a sale entered into between plaintiff and defendant.

The timber was an immovable.

It has been considered in several decisions recently that timber sold while standing on the land of the vendor continues to be an immovable.

The statute is quite plain.

"Standing trees are immovable even when separated in ownership." Act No. 188 of 1904.

Being a statutory immovable, the court was constrained to maintain the plea of lesion as when title to land is involved. Mrs. Nanny Smith v. Hodge Co., 123 La. 959, 49 South. 655.

Before proceeding further toward deciding the case, there is a question involved in regard to the testimony, which we will dispose of at this time.

After witnesses had been examined and the evidence closed, the defendant filed a motion to strike out the evidence of named witnesses taken out of court. The contention of defendant is that none of the testimony was introduced in evidence and that it was taken without the consent of counsel.

It was agreed by plaintiff and defendant that the testimony of these witnesses would be taken out of court and placed in the record and the case continued.

This agreement led to misunderstanding between counsel.

The record fails to show that the motion of September 30, 1906, asking that C. W. Andrews be appointed expert of the timber, was ever served on defendant or his counsel.

That issue presents itself under unfavorable aspect to the courts and, doubtless, to each of the counsel.

From any point of view, whether the statement of facts has been closed, as noted by the stenographer, or whether it was agreed to complete the testimony out of court, as noted by the clerk, and the case continued, the evidence of this witness does not seem to have been contradictorily taken.

It was due to the defendant or his counsel to have the motion served and proceed contradictorily with the defendant or his counsel to have the expert appointed.

This was not done, and for that reason the evidence will not be considered.

We are not quite so confident with regard to other witnesses who were examined, also out of court.

Counsel for defendant was present at the examination and cross-questioned the witnesses.

It really does not affect the result one way or the other. There is sufficient other testimony before the court to sustain plaintiff's demand.

Recurring to the merits of the case, we will state that, in fixing the value, we have borne in mind that the value of the property must be considered as of the year 1904, the date of the sale; that is, the value at the time of the sale. Civ. Code, arts. 1871, 2490; Beale v. Ricker, 7 La. Ann. 667.

As relates to the price of the timber: Whilst it may be that 50 cents per M in

1904 is a very low price, it is sustained as correct by a preponderance of testimony.

The estimates of witnesses range from 50 cents to $2 per M.

In fixing value of property in matter of lesion, a high estimate does not recommend itself.

The lowest in this instance has every appearance of falling within the intent of the law.

The value of property in order to support the law of lesion must not be left to conjecture. There must be certainty.

Our learned brother of the district court, who followed the trial in its progress and heard the witnesses, was of opinion that 50 cents per M is a fair price.

We the more readily agree with him as to that price because in reading the testimony we have found that not one of the witnesses thought that it was worth less.

There is, in consequence, as to that amount an agreement, although a number of witnesses thought that it was worth more. It is evident then that the timber was worth at least that much. The evidence is therefore strong and conclusive as relates to that amount.

That is in strict compliance with law that it should be strong and conclusive. Beale v. Ricker, 7 La. Ann. 667; Demaret v. Hawkins, 8 La. Ann. 483.

The defendant sets up the theory that the timber was not only to be merchantable, but that it was to be such timber as could be rafted and floated away.

This theory is not sustained by the facts.

The contention of defendant, in defense of his theory, was that inasmuch as the timber had to be rafted away at that time, as it could not be hauled, the word "merchantable" included only such timber as could be rafted.

In a case of merchantable lumber, the diameter could be 12 inches and even less; but in case of lumber for rafting 18 inches diameter was required, as smaller trees frequently sink. Those who make up rafts will not put timber in raft of a less diameter.

This would make a decided difference in the result.

We have not taken that view. The contract calls for "merchantable" timber. That timber which was not merchantable had a value; it was not out of commerce, even if it could not be rafted.

Plaintiff owned a sawmill about two miles from the place, and it does seem that the timber had value for his mill without the necessity of floating it in raft.

The contract said "merchantable," and we will be governed by the word, and the issues will be considered from that point of view.

There was inadequacy of price. That was made evident by the testimony of defendant's son, C. W. Barron, who worked and was connected with the enterprise of the father.

He was familiar with plaintiff's place. He had made estimates of the timber. Under his supervision trees were cut down of the timber in question.

He testified that good rafting timber had been cut to the extent of 60,000 feet on less than 10 acres of land.

According to this testimony, if less than 10 acres produced that many feet, 160 acres would produce more than 950,000 feet, at 50 cents a thousand equal to more than $450.

As the price was $100, the sale comes within the provision of article 1861 of the Civil Code, according to which relief is possible if the price given is less than one-half of the value.

Mr. Lee, a timber man, with many years' experience, some time prior to this suit offered to buy this timber on the basis of 10,000 feet to the acre.

No one questioned the sincerity of the offer to buy on that basis. All considered it as an earnest and honest offer to buy.

Although this offer was made some four years after the sale, the dimensions of timber does not increase to such an extent in that length of time as to make the difference in measurement a matter of any importance.

But be that as it may, taking the evidence as a whole, we are of opinion that the number of feet fixed by our brother of the district court is about correct.

Learned counsel for defendant in their brief state that fraud was neither pleaded nor proven.

We can only meet this by saying that there is no necessity for such proof in an action for lesion.

No other inference can be drawn from the text of the case of Beale v. Ricker, cited supra.

. The article of the Code is plain. The remedy given for this injury is founded on its having the effect of implied error or imposition.

Inadequacy of price, less than one-half the value, is considered an imposition, although not in its nature a fraud. The insufficiency is the imposition.

For reasons assigned, the judgment appealed from is affirmed, at appellant's costs.