PONDER, Justice.
 

 The plaintiff seeks to rescind the sale of ten acres of land located in Zachary on the ground of lesion beyond moiety. In the lower court his demand was rejected, and he has appealed.
 

 The sole issue presented on this appeal is whether or not the price paid by the defendant for the land was less than one-half of its value at the date of the sale.
 

 
 *105
 
 The plaintiff sold the land to the defendant on February 15, 1954, for the price of $5,000. The property in question is situated north of Zachary High School and adjoins the school property on the north separated thereby by a ditch from 10 to 12 feet in width. The land is bounded on the west by a white subdivision and on the east by a colored subdivision. At the time the property was sold, it was being used for a cow pasture and had no improvements thereon.
 

 The appellant contends that the property involved is worth in excess of $11,000. He takes the position that the market value of the land is to be determined by the highest and best use to which the land may be put. He introduced witnesses to prove the value of the land based on the idea that it would be used for a subdivision. The appellant .also introduced in evidence a letter written to the East Baton Rouge School Board by the defendant-appellee dated March 15, 1954, after it was learned that the school board sought to expropriate the land and had offered the defendant $6,000, in which 'letter the defendant valued the land, at $3,-»
 
 466.67
 
 an acre. At the time the suit was 'tried, no offer other than the $6,000 .offered by the school board for the land had been made to the defendant.
 

 The defendant-appellee contends that when he bought the land he informed the plaintiff that he intended to make a sub■division out of it.
 

 The appellant produced two realtors who testified that the property at the date of the sale was worth $11,113. Their testimony is based on the ground that the highest and best use to which the land may be put would be to develop a subdivision. They estimated how much dirt, culverts, and gravel, etc., would be used in developing the property into a subdivision; in other words, their estimate was based on the value of the land if developed into a subdivision. The land at the time of the trial of the case had not been developed into a subdivision, and testimony as to the cost of development is highly speculative and could serve no criterion in fixing the value of the land in a suit of this nature. At 'the time the land was sold, it was being used as a cow pasture and, under the provisions of Article 1870 where lesion is urged to set aside a sale, the value of the property must be fixed in the state at which it was at the time of the contract.
 

 The defendant-appellee introduced a banker and two other witnesses who had resided in the town of Zachary and who fixed the value in amounts ranging from $4,725 to $6,500. The defendant also introduced in evidence the two appraisers who fixed the value of the land for the school board at $6,000.
 

 It is conceded that the burden of proving lesion is on the plaintiff and that he must establish his case by strong and
 
 *107
 
 convincing proof. Foos v. Creaghan, 226 La. 619, 76 So.2d 907 and the authorities cited therein. The basis of the remedy is that a vendor, who has sustained injury to the extent of more than one-half the value of the immovable conveyed by him, will be regarded as having acted in error or to have been imposed upon by the purchaser. Articles 1860, 1861 and 2589 of the LSA-Civil Code. Article 1870 of the Civil Code provides, “When lesion is alleged to invalidate a partition or sale, the party alleging it must first prove the value of the property sold, in the state in which it was at the time of the 'contract * Article 2590 of the LSA-Civil Code also provides that “to ascertain whether there is a lesion beyond moiety, the immovable must be estimated according to the state in which it was, and the value which it had at the time of the sale”.
 

 The record shows that the only approach to this property is a road which runs through a colored subdivision and it is speculative as to whether or not a road could be obtained through the white subdivision or through the school property on the south.
 

 The record shows that the school board has made an offer to defendant of only $6,000 for the ten acres and no offer has since been made. A perusal of the record establishes that the plaintiff has fallen far short of establishing with legal certainty his claim of lesion beyond moiety for the reason that all of the figures set by plaintiff-appellant’s witnesses were based on conjecture, namely the value of the land as an improved subdivision.
 

 Our courts on other occasions have held that speculative values are not to be considered in considering whether or not lesion exists. Fernandez v. Wilkinson, 158 La. 137, 103 So. 537; White v. Bergstedt, 164 La. 993, 115 So. 59; Dick v. Lovell, La. App., 2 So.2d 272.
 

 Appellant has cited cases in support of his contention that the market value of the property is the highest and best use to which the land may be put. An examination of these cases reveals that they were expropriation cases and not suits by the vendor against the vendee for the rescission of the sale on the ground of lesion. Hence the rule there enunciated is not applicable herein.
 

 It, therefore, must be concluded that the market value of the land involved herein is the value of pasture land at the time of the sale and, since plaintiff-appellant has failed to prove that the price received was less than half of that value, his demand must be rejected.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.