HAWTHORNE, Justice.
On January 29, 1951, Odelon W. Broussard sold to James M. Ketchens by warranty deed for $4,500 a tract of land stipulated to contain 45 acres and situated within the corporate limits of the City of Jennings, Parish of Jefferson Davis, Louisiana. In December, 1953, Broussard instituted this suit against the purchaser Ketchens to set aside the sale for lesion beyond moiety or, alternatively, for fraud. After trial on the merits the district judge *511 set aside the sale as prayed for by plaintiff on the ground of lesion beyond moiety, and the only question presented by defendant’s appeal is the correctness of this decision.
The district judge found that the property had a value of $10,000 at the time of the sale, and granted to defendant 60 days in which to pay the plaintiff $5500.00 and retain title to the property; otherwise the sale was to be annulled and set aside.[1]
In cases of this kind, where a plaintiff seeks to set aside a sale for lesion beyond moiety, there is only one issue of fact to be determined — that is, whether the vendor has sold the immovable for less than one-half of its value, to be determined as of the time of the sale and according to the state in which it was, Art. 2590, La.Civ. Code. In such cases the burden is upon the plaintiff to establish his case by strong and convincing proof. Foos v. Creaghan, 226 La. 619, 76 So.2d 907, and authorities there cited.
In 1945 plaintiff acquired 59 acres of land of which the tract in question is a part. In 1948 he created a subdivision out of the south 34 acres of this tract by levelling, surveying, and dividing this portion of the tract into lots. Plaintiff then sold to various persons approximately 14 of these lots for a total sum of $5,750. When plaintiff made the sale to defendant on January 29, 1951, there remained about 70 lots in the subdivision, and the sale to defendant covered those lots as well as 25 undeveloped acres adjoining them.
The property here involved, as already pointed out, is situated within the corporate limits of the City of Jennings. It is bounded on the north by the Southern Pacific Railway and on the south by U.S. Plighway 90, and some of the lots in the subdivision front on this main thoroughfare or highway. A drive-in restaurant and a tourist court are located nearby. The judge tells us in his reasons for judgment that roads have been opened into the subdivision.
In concluding that the value of the whole tract sold was $10,000 at the time of the sale, the trial judge took into consideration, among other things, the value as of that time of the subdivided lots in the tract as well as the value of the 25 acres undeveloped, using as a basis for his valuation the sales of various lots which had been made by plaintiff. We think the judge was correct to determine the value of the property as of the date of the sale, for he found the value of the property under the plain provisions of Article 2590 of the Civil Code “according to the state in which it was * * * at the time of the sale” — that is, *513 a tract of land containing a subdivision of approximately 70 lots and 25 acres of undeveloped land.
The trial judge in his well written reasons for judgment analyzed and discussed the testimony of all the witnesses. He took into consideration the testimony of the experts called both by plaintiff and by defendant to show the value, and also the sale prices of other properties in the vicinity of this tract. After considering all this testimony he concluded that the tract in question had a value of $10,000 on the date of the sale, and that plaintiff had discharged the burden of establishing by strong and convincing proof that the property had been sold for less than one-half of its value. We think that the record in this case fully supports the judge’s conclusion.
Appellant’s principal contention is that the property should be considered as a whole and on an acreage basis, that is, that it should be considered as a tract of 45 acres having a value of so many dollars per acre, and that when so considered the tract in question would have a value of $9,000 or less. The law, Article 2590 of the Civil Code, provides that the value must be determined according to the" state in which the property was at the time of the sale. In this case it was shown as a fact that the tract consisted partly of a subdivision and partly of undeveloped land, and this fact, just like any other fact in the case, had to be considered by the trial judge in determining the value of the tract sold. Moreover, according to one of the defendant’s own witnesses, when the value of these lots is taken into consideration the tract had a value of $11,000.
The judgment is affirmed at appellant’s costs.

. In the event the defendant did not elect to pay the sum of $5,500, he was to have judgment against the plaintiff for the purchase price of $4,500 with interest at the rate of 5 per cent on that amount and taxes.