234 So.2d 88 (1970)
PARISH OF JEFFERSON
v.
UNIVERSAL FLEETING COMPANY, Inc.
No. 3867.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1970.
Rehearings Denied May 4, 1970.
Lee C. Grevemberg, Edmond G. Miranne, New Orleans, for Universal Fleeting Co., *89 Inc. (Universal Fleeting, Inc. as Successor Corp.), and George Maynard, defendants-appellees.
Campoy, Hurley & Senter, Alvin W. Lacoste, New Orleans, amicus curiae.
Robert H. Fray, Gretna, for Parish of Jefferson.
Clifton S. Carl, New Orleans, for Riverside Homeowners Civic Ass'n.
CHASEZ, BARNETTE and LeSUEUR, JJ.
CHASEZ, Judge.
This case involves the use to which batture land might be put, which batture land is located in Jefferson Parish between the upper limits of the Town of Harahan and the lower limits of the City of Kenner.
In 1958 the Parish of Jefferson enacted a comprehensive zoning ordinance and the area involved, that is, the batture, was zoned R-1, single family residential. Under this zoning ordinance only residential uses could be made of the batture.
A company known as Universal Fleeting Company, Inc. leased the property from the then owner, Calco, Inc., for the purpose of mooring barges. The barges are moored to lines leading from concrete caissons called "deadmen" which are sunk into the batture. No loading or unloading of barges was done nor were any repairs made to any barge. The operation was compared to a switchyard of a railroad company. The barges were moored while waiting to be taken to a point where they could be loaded or unloaded or repaired, as the case might be.
On June 9, 1966, the Parish of Jefferson filed an injunction suit seeking to enjoin the commercial use of the batture based on the reason that the fleeting operation was in violation of the comprehensive zoning ordinance.
Universal Fleeting Co. Inc. filed exceptions of no cause or right of action. Calco, Inc., the lessor of Universal Fleeting Co., Inc., intervened on the side of its lessee.
The rule for preliminary injunction was not heard on its return. The exceptions were argued on November 2, 1966 and were referred to the merits.
When a pre-trial conference was called in February, 1968 it became known that Calco, Inc. had sold its land and Universal Fleeting Company, Inc. was no longer present. Calco, Inc. had sold its interest to George Maynard who had leased to a different company, i. e., Universal Fleeting, Inc., a Delaware Corporation, and the fleeting operation had begun again.
On April 8, 1968 the plaintiff-appellant, Parish of Jefferson, filed a supplemental and amending petition naming George Maynard and Universal Fleeting, Inc. as defendants and prayed that they be enjoined from using the batture for a commercial operation on the grounds that it again violated the zoning ordinance and was also a public nuisance.
On May 31, 1968, Riverside Homeowner Civic Association intervened joining the cause set forth by the Parish of Jefferson.
Defendants-appellees, George Maynard and Universal Fleeting, Inc. excepted to the constitutionality of the zoning ordinance and filed exceptions of no cause or right of action and also answered the petition denying that there was any nuisance.
Judgment was rendered on March 5, 1969, dismissing the injunction suit and intervention entirely. From this judgment plaintiff-appellant, Parish of Jefferson, and intervenor Riverside Homeowners Civic Association, entered this devolutive appeal.
Appellants have assigned as error the following:
"1. The lower court erred in dismissing the entire suit after trial of a rule for preliminary injunction.

*90 "2. The lower court erred in holding that the Parish Council was arbitrary, unreasonable and discriminatory when it zoned undeveloped batture land in conformity with the tracts across the levee.
"3. The lower court erred in applying standards of `best use' in evaluating the reasonableness of the Zoning ordinance."
We find no merit in appellants' argument that the trial court erred in dismissing the entire suit after trial of a rule for preliminary injunction.
Although the general rule is that the entire suit may not be dismissed on a hearing of an application for preliminary injunction, Pizzitola v. Pace, La.App. 161 So.2d 441 (4th Cir. 1964); Baton Rouge Cigarette Service, Inc. v. Bloomenstiel, La.App., 88 So.2d 742 (1st Cir. 1956); this is not the precise situation in this case. In the present case the petition of plaintiff was filed asking for a preliminary injunction. The defendants filed exceptions of no cause or right of action directed toward the entire proceedings. The defendants also excepted to the constitutionality of the zoning ordinance.
On the day set for the hearing of the preliminary injunction the exceptions were also heard having been argued to the court prior to the submission of any evidence on the preliminary injunction. The exception of unconstitutionality was overruled. One of the exceptions of no cause or right of action was based on the assertion that the fleeting operation was a public utility and therefore fell within the permissive uses under R-1 zoning. The other exception was that in light of accepted uses of batture, the zoning ordinance was arbitrary and discriminatory. Both of these latter exceptions were referred to the merits.
These latter exceptions must be considered as exceptions of no right of action because they concede the validity of the enactment of the ordinance and question only its application. The question of whether the fleeting operation was a public utility within the permitted use under the ordinance and whether the ordinance was arbitrary and discriminatory are questions of fact and were properly referred to the merits.
The court may hear an application for a preliminary injunction by taking proof as in any ordinary case. LSA-C.C.P. art. 3609. In this case the hearing lasted five days and resulted in a record of 800 pages of testimony from a total of 48 witnesses.
After hearing all the evidence of witnesses presented by plaintiffs and defendants, the court a quo found the zoning ordinance was unreasonable, arbitrary and discriminatory and could not be enforced.
It is obvious from reading the trial judge's reasons for judgment that his judgment, (without so stating in specific words,) maintained the defendants' peremptory exception of no right of action, and did not merely deny the preliminary injunction. We, therefore, reject appellants' argument that this was only a hearing for a preliminary injunction and that a dismissal of their entire suit was improper.
The second error assigned by appellants is that the trial court erred in holding that the Parish Council was arbitrary, unreasonable, and discriminatory when it zoned undeveloped batture land in conformity with the tracts across the levee.
The trial judge held that the batture in question was subject to the zoning laws provided there was no conflict with the servitudes in favor of the Pontchartrain Levee District and the Board of Commissioners of the Port of New Orleans (the Dock Board). The court went on to hold that the ordinance as applied to this batture is unreasonable, arbitrary and discriminatory because none of the permitted uses under the R-1 classification are feasible in view of the regular inundation of the batture and the regulations of the Pontchartrain Levee District and, further, that according to the testimony of Mr. Hugh *91 Ford of the Jefferson Planning Department only one-sixth (1/6th) of the batture in the entire parish was zoned R-1 and that the best use of the batture is industrial use.
We are in complete agreement with the court a quo that the zoning was unreasonable, arbitrary and discriminatory. However, we find that the zoning ordinance as it relates to the batture is contrary to the law and jurisprudence of this state and is therefore an unauthorized use of the zoning power.
"Art. 455 R.C.C. The use of the banks of navigable rivers or streams is public; accordingly every one has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like. Nevertheless the ownership of the river banks belongs to those who possess the adjacent lands.
"Art. 457 R.C.C. The banks of a river or stream are understood to be that which contains it in its ordinary state of high water; for the nature of the banks does not change, although for some cause they may be overflowed for a time.
Nevertheless on the borders of the Mississippi and other navigable streams, where there are levees, established according to law, the levees shall form the banks.
"Art. 665 R.C.C. Servitudes imposed for the public or common utility, relate to the space which is to be left for the public use by the adjacent proprietors on the shores of navigable rivers, and for the making and repairing of levees, roads and other public or common works.
All that relates to this kind of servitude is determined by laws or particular regulations."
It is obvious from these Code articles that the batture is within the bank of the Mississippi, and that the riparian owner owns the batture subject to the servitude of public use.
This servitude of public use is limited in nature. In Lyons v. Hinckley, 12 La. Ann. 655 (1856), the Supreme Court stated at page 658:
"The character of the servitude which is due from the proprietors of the soil is here described, and instead of being for the use of the public at large for all purposes, is only for that which is incident to the nature and the navigable character of the steam washing the land of such proprietor. (Citation omitted). This servitude is also confined to the banks of the navigable stream."
See also Hebert v. T. L. James & Co., 224 La. 498, 70 So.2d 102 (1954); State v. Richardson, 140 La. 329, 72 So. 984 (1916); Warriner v. Board of Commissioners, 132 La. 1098, 62 So. 157 (1913).
It necessarily follows that restricting the use of the batture by zoning it R-1, Single Family Residential, flies directly into the teeth of the Civil Code as interpreted by the jurisprudence.
On the contrary, if any use is to be made of the batture, the tying up of barges would be most logical since it is in the interest of commerce and navigation and is substantially similar to the uses contemplated and specifically guaranteed to the public in article 455 of the Civil Code.
We may further state that the riparian owner may use the batture in any reasonable manner provided he does not seriously obstruct or impede the public use of the banks or of the stream. Lake Providence Port Commission v. Bunge Corporation, La.App., 193 So.2d 363 (2nd Cir. 1966).
In the Bunge case the court held that the Lake Providence Port Commission *92 could not prohibit a rural riparian owner from placing a grain elevator upon its own property between the levee and the waters of the Mississippi river so long as the structures did not seriously obstruct or prevent the public use of the river or its banks. The court stated at page 367:
"Plaintiff admits its opposition to defendant's construction is stimulated by its duty to protect and increase the commission's income and in return relieve the burden of the taxpayers, all of which is admirable and noble, but is incompatible with the type of use reserved for the public by Louisiana Civil Code, Article 455. The present location of the levees in the area, when considered with the defined banks of the Mississippi River (Civil Code Article 457) leads us to believe the law did not contemplate an absolute prohibition to the rural riparian owner to build between the waterline and the levee. In conclusion, it is our holding that although the land owned by defendant in the instant case is between a levee and a navigable river and is burdened with a servitude of public use it, as a riparian owner, may construct any manner of works on its land provided it does not obstruct the public use. If and when a structure on a river bank interferes with the servitude of public use, the owner, by appropriate legal procedure, may be required to remove it. We do not agree with plaintiff's position that the proposed construction is prohibited per se as a matter of law. We find that the constitutional and legislative acts creating the port commission conferred upon it the right to acquire land, construct wharves, etc., and to regulate river navigation in East Carroll Parish but did not confer the right to prohibit reasonable use of property owned by others adjacent to the banks of navigable waters in the parish."
It is apparent then that if the public can use the banks of the river for those purposes, the owner or his lessee can also use the banks of the river for these purposes, subject to the rights of the public to a similar usage of the river bank.
From the foregoing authorities we conclude that restricting the batture uses to R-1, Single Family Residential, was an unauthorized use of the zoning power. We base this on the well settled principle that municipalities may enact laws to supplement the state statutes providing they do not conflict with the provisions of the state law upon the same subject and providing the municipality was given subordinate authority by city charter to legislate. Broussard v. Ketchens, 231 La. 508, 91 So.2d 775 (1956). Although the rule cited has reference to cities the rule nevertheless applies because Jefferson Parish derives its power to enact zoning ordinances directly from the Constitution. LSA-Const. art. 14 § 29(a). The Jefferson Parish Zoning Ordinances may not supercede the provisions of the Civil Code, especially articles 455 and 457.
The trial court found, with reference to the issue of nuisance, that plaintiff failed to prove this part of its case by a preponderance of the evidence. Since this finding is one purely of fact it will not be disturbed in the absence of manifest error. Our independent analysis of the record reveals that there was no error in this finding and we therefore affirm the judgment in this respect.
The trial court limited this finding to the present facts and did not preclude the filing of a future suit should the operation become a nuisance. We likewise limit our opinion to the use of the premises as disclosed by the record and do not preclude the possibility of a future suit in the event that the operation becomes a nuisance.
Our disposition of appellants' second assigned error renders a discussion of appellants' third assigned error unnecessary.
For all the foregoing reasons the judgment of the lower court in favor of defendants, George Maynard and Universal *93 Fleeting, Inc., and against plaintiff, Parish of Jefferson, and intervenor Riverside Homeowners Civil Association, Inc., dismissing plaintiff's and intervenor's suit at their costs, is affirmed. Costs to be paid by appellants subject to any legal immunities afforded the Parish of Jefferson.
Affirmed.