REDMANN, Judge.
Plaintiff appeals from the dismissal on exceptions of her 1969 demand against a corporation, its president and its attorney, for acts done in 1964 which are the basis for another pending suit by plaintiff against the corporation (see 252 So.2d 498, La.App.). By answer, appellees seek damages for frivolous appeal.
Insofar as plaintiff demands return of or other relief respecting the property involved in the other pending suit, we affirm dismissal on the basis of the exception of lis pendens. C.C.P. art. 531.
Insofar as she claims damages for the “conspiracy” among the three defendants “to deprive her of the use and enjoyment of her property,” the exception of one year prescription was correctly maintained. C.C. art. 3539. Plaintiff knew in 1964 that she had transferred her property to the corporation to salvage it from a sheriff’s sale in execution of a judgment. (See Berger v. De Salvo, La.App.1963, 156 So.2d 323.)[1]
Despite the appeal’s lack of substance we may suppose that plaintiff, appearing for herself, thought she had a reasonable basis for appeal. We therefore deny damages for frivolous appeal.
The judgment is affirmed.

. Insofar as she alleges that defendant attorney charged her for services shown on his bill which he did not perform, her petition affirmatively shows that the attorney did render the services for which plaintiff was charged. Thus plaintiff’s possible but unas-serted claim for return of payment for services unperformed would properly be dismissed on the exception of no cause of action.