BARON B. BOURG, Judge pro tern.
Appellant, Anna Burglass Dunker, plaintiff below originally filed suit to rescind a sale of immovable property on grounds of lesion beyond moiety. A judgment was rendered by the trial court and an appeal was taken to this court. We remanded the suit for additional evidence, 252 So.2d 498 (La.App. 4th Cir. 1970). On remand the district court rendered a judgment ordering the dismissal of plaintiff’s demands and recognizing defendant, Finance Funds Group, Inc., as the owner of the property in question. A motion for a new trial was filed but denied. The appellant now seeks to have the trial court’s judgment set aside on the ground that fraud had been practiced against her.
Appellant, Mrs. Dunker, was the owner of a certain tract of land which is the subject of this suit. Because the property was under foreclosure and seizure, Mrs. Dunk-er wished to purchase the property at a sheriff’s sale but was unable to secure sufficient funds to do so.
Appellant was informed that Finance Funds Group, Inc., would be willing to purchase the property from her prior to sale for $15,000 and thereby reduce her loss which would have occurred if the property were sold at the sheriff’s sale for $8,600. Appellant agreed to this solution.
The attorney for Finance Funds Group, Inc. attempted to arrange for a postponement of the sheriff’s sale. He met opposition from the seizing creditor who would not agree to any postponement unless he was paid in full. Finance Funds thereupon agreed to advance $8,569.95 (the balance Mrs. Dunker needed in order to purchase the property from the creditor) and take an assignment to protect their interest until a sale to them could be completed. Such sale from appellant to Finance Funds Group, Inc. was completed on Monday, October 26, 1964, at which time Mrs. Dunker was paid the difference between $8,569.95 and the $15,000 purchase price.
Mrs. Dunker later filed suit on the ground of lesion beyond moiety alleging that the property was worth more than twice the sale price on the date of the transaction. The district court on remand rendered the herein appealed judgment dismissing plaintiff’s demands against defendant.
We have heard oral arguments in this cause and have carefully considered *333 the briefs submitted by counsel and the lengthy record on appeal. As to the issue of lesion, it is our conclusion that the appellant has failed to demonstrate an abuse of the power vested in the trial judge.
Article 1870, LSA-C.C., reads as follows :
“When lesion is alleged to invalidate a partition or sale, the party alleging it must first prove the value of the property sold, in the state in which it was at the time of the contract, according to the usual terms of credit given on sales or property of that description. He must then show how much the price given was less than such value; the court shall determine whether according to law applied to the circumstances of the case, there is a lesion sufficient to invalidate the contract.”
(Emphasis added.)
The jurisprudence is to the effect that a vendor suing to set aside the sale of an immovable for lesion beyond moiety must establish his case by strong and convincing proof. Thomas v. Sewell, 239 La. 66, 117 So.2d 912 (1960); Broussard v. Ketchens, 231 La. 508, 91 So. 2d 775 (1956); Armwood v. Kennedy, 231 La. 102, 90 So.2d 793 (1956); Poos v. Creaghan, 226 La. 619, 76 So.2d 907 (1954); White v. Bergstedt, 164 La. 993, 115 So. 59 (1927); Hyde v. Barron, 125 La. 227, 51 So. 126 (1909).
In concluding that the appellant had failed in her burden of proof, the trial judge found that the plaintiff did not produce any evidence to indicate that the subject property had a value on the date of the sale in excess of twice the sale price. She offered neither expert witnesses, nor lay witnesses as to valuation. The defendant, on the other hand, offered expert testimony and, in the absence of any other expert witness for the plaintiff, the trial judge accepted the value of the property on the date of sale to be $18,810.
As to the allegations by plaintiff that the subject transaction may have been a simulated sale, mortgage or loan, the trial judge, in his well written reasons for judgment, analyzed the transaction and found it to be a sale.
LSA-C.C. Article 2236 provides:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
See also Godwin v. Neustadt, 42 La.Ann. 735, 7 So. 744 (1890).
In Breaux v. Royer, et al, 129 La. 894, 57 So. 164 (1912), the Supreme Court said:
“ . . . upon the trial, however, defendant offered parol testimony to show that the conveyance from Royer to A. S. Chappuis, which, upon its face, is an ordinary notarial act of sale, duly recorded, was intended to operate as a mortgage, but, in the absence of any allegation that defendant was induced to execute it by reason of error, misrepresentation, or fraud, the testimony was properly excluded.’’
The copy of the Act of Sale introduced into evidence was signed by appellant, Mrs. Dunker, as vendor, Finance Funds Group, Inc., as vendee, two witnesses and a notary public. The trial judge, thus finding all the essentials of an authentic act, concluded it to be so. Furthermore, despite the fact that parol evidence was admitted, the court concluded that the intent of the parties was to execute a sale.
Even were we to disagree with the findings of the trial judge, it is well settled *334 that the findings of a trial judge on questions of fact, will not be set aside nor disturbed by an appellate court in the absence of manifest error. Spreen v. Gibbs, et al, 305 So.2d 494 (La. 1974); Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974); Canter v. Koehring Company, 283 So.2d 716 (La.1973); Andrews v. Williams, 281 So.2d 120 (La.1973); Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964).
It is our opinion that since appellant has failed to show apparent or obvious error and has also failed to meet her burden of proof shoeing that the judgment of the trial court is manifestly erroneous, the judgment of the trial court will not be disturbed.
In brief and in oral argument appellant has strongly urged a plea of fraud, apparently based upon certain actions which occurred surrounding the transfer of property. We are unable to consider this issue for the reason that it was not set up originally as a plea in the trial court.
“In pleading fraud, or mistake, the cir'cumstances constituting fraud, or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of the mind of a person may be alleged generally.” LSA-C.C. Article 856.
Since the issue of fraud was not raised by the pleadings, it is not properly before this Court and cannot be considered on appeal. State v. Great Atlantic & Pacific Tea Co., 190 La. 925, 183 So. 219, certiorari denied 305 U.S. 637, 59 S.Ct. 108, 83 L.Ed. 410 (1938); A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224 (1945); Louisiana Land Co. v. Blakewood, 131 La. 539, 59 So. 984 (1912).
For the reasons assigned, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.

AFFIRMED.