KLIEBERT, Judge.
The litigation of which this ease forms a part has been in being for more than ten years. The plaintiff has filed three separate suits seeking damages or recovery of the property she sold to the Finance Funds Group, Inc. (FFG). Her first two suits, seeking recovery of the property or damages were ultimately dismissed. See Anna Burglass deSalvo Dunker v. Finance Funds Group, Inc., 333 So.2d 331, 332 (La.App., 4th Cir.1976) and Anna Shirley Burglass De Salvo Dunker v. Edward Wood, et al, 315 So.2d 783 (La.App., 4th Cir.1975). When these judgments became final, FFG conveyed the property to third parties.
The petition in the present suit was filed in 1973 and prayed for damages against FFG and New Orleans Baptist Theological Seminary (Seminary). Seven years later, the plaintiff sought to amend her original petition to seek a return of the property and to add as party defendants Carol Taulli and Eileen Taulli, the then owners of the property and Mr. Edward Wood, individually and in his capacity as liquidator of Finance Funds Group, Inc. In response to this amending petition, the Seminary filed an exception of improper cumulation of actions and improper joinder of parties with a motion to strike (dismiss) all of those allegations of the amended petition which asserted the improperly cumulated actions against the improperly joined parties, i.e., the nullity of the final judgment in the suit decided in 333 So.2d 331 and the subsequent sales of the property made by FFG to the third parties (Taulli) and the recovery of the property from the third party purchasers.
The trial judge maintained the exceptions and the motion and dismissed the amended petition in its entirety with prejudice. In his reasons for judgment, the trial judge based his dismissal on the grounds the plaintiff was improperly attempting to join an in rem action with an in personam action then pending before the court.
While the appeal was pending, the trial judge dismissed the original suit on the merits. Thus, the original defendants, Seminary and FFG, have been dismissed from the action. No appeal was taken from that dismissal and the time for doing so has expired. Only the Taulli owners filed briefs as appellees on this appeal. Edward Wood and FFG were never served, are not represented and made no appearances in either the lower court or in this court. The Taulli appellees have no interest in whether or not Wood was or was not properly dismissed in his individual capacity or in his capacity as the liquidator of FFG. Thus, the focus of the appeal narrows to whether the Taulli owners were properly dismissed from the litigation. We agree with the trial judge’s ruling dismissing them from the suit.
The plaintiff was attempting to join an “in rem” action with a pending action in personam. The in rem action should be the subject of a different suit and its cumulation with the in personam action was improper because it had no community of interest with the pending in personam action. La.C.C.P. 463.
The pleading labeled by the defendant “A MOTION TO STRIKE AND A RULE TO SHOW CAUSE” filed in the trial court contained a plea of prescription which is also argued here. Defendant argues that insofar as the amended petition purported to be an action of nullity to set aside the previously rendered judgment for fraud or ill practice, the same was untimely. Under La.C.C.P. Article 2004, an action to annul the judgment on those grounds must be brought within one year of the discovery of the fraud or ill practice. Here, plaintiff’s “Answer to Request for Admission of Gen-uiness and Third Party Petition” filed on *1312 June 15, 1979 shows she knew, at the time of filing same, all of the facts alleged in the amended petition regarding the supposed frauds. Since the amended petition was not filed until August 11, 1980, more than one year later, the prescriptive period of Article 2004 had run.
Accordingly, the judgment of the trial court is affirmed. All costs to be borne by the appellant.
AFFIRMED.
ON MOTION TO SEAL
The defendant counsel also filed in this Court “MOTION TO STRIKE AND SEAL PARTS OF THE RECORD”, which motion was referred to the merits. On the date set for oral arguments, plaintiff filed an answer to the motion and attached to her answer various documents and pleadings which defendant was seeking to have sealed. Since those documents have no application to this case, the defendant’s motion is granted and the Clerk is ordered to fully implement the order of Judge Collins as revised on June 12, 1981 and to include within said order the plaintiffs answer to the motion to strike.