525 So.2d 1269 (1988)
Roy L. NATION and Imogene Adams Wells Nation, Plaintiffs-Appellees,
v.
Donald H. WILMORE and Betty K. Wilmore, Defendants-Appellants.
No. 87-318.
Court of Appeal of Louisiana, Third Circuit.
May 18, 1988.
Alan J. Golden, Joseph P. Beck, Colfax, for plaintiffs-appellees.
Gregory N. Wampler, Colfax, for defendants-appellants.
Before LABORDE, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Donald H. Wilmore and Betty K. Wilmore (hereinafter the Wilmores) appeal the judgment of the trial court which found that the sale to them of immovable property by Roy L. Nation and Imogene Adams Wells Nation (hereinafter the Nations) was *1270 lesionary. The trial court held that: the value of the property as of the date of the sale was $19,000; the sale price of $9,000 was less than one-half the property's just value; and the Wilmores had the option of restoring the ownership of the property to the Nations and taking back the consideration paid, or keeping the property and making up the difference between the consideration stated in the act of sale and the just price of $19,000.
The Wilmores contend that the trial court erred: (1) in accepting the appraisals of Raymond Willett and Frank Killen, the Nations' experts, because their appraisals did not coincide with the date of the sale to the Wilmores; and, (2) in determining the value of the property was $19,000 when none of the experts testified that the property was worth that amount. We affirm.
On March 11, 1985, the Nations sold the Wilmores a 3.4 acre tract of land in Grant Parish, adjacent to Louisiana Highway 8 and either adjacent to, or in close proximity to, the Stuart Lake Road, for $9,000. On November 12, 1985, the Nations filed suit against the Wilmores, contending the purchase price was lesionary since the property was worth approximately $20,000.
In an action for rescission for lesion beyond moiety, the vendor must prove by clear and convincing evidence that the price given was less than one-half of the value of the thing sold. LSA-C.C. Arts. 2589, 2591; Bisco v. Middleton, 383 So.2d 1047 (La. App. 1st Cir.1980). The standard to be applied to determine the value of the property is the fair market value at the time of the sale. LSA-C.C. Art. 2590; Goulas v. Goulas, 426 So.2d 735 (La.App. 3rd Cir. 1983).
The Wilmores first contend that the Nations' two appraisers erroneously considered the value of the property as of a date other than the date of the sale in question.
Of the two appraisers called by the Nations, Mr. Raymond Willett was the appraiser whose testimony most impressed the trial court. His appraisal, conducted in September 1985, considered comparable sales of property in close proximity to the subject property. Mr. Willett testified that at the time of the appraisal the market had been stable for the past two years, and that the value of the property on March 11, 1985, the date of the sale, was approximately $20,000.
Mr. Frank Killen, the other appraiser tendered by the Nations, corroborated Mr. Willett's testimony, and he opined that the value of the property on the date of the sale was between $16,000 and $17,000.
Although it is obvious that the Nations' experts conducted their appraisals after the date of the sale to the Wilmores, it is nonetheless clear that they were able to give their opinions as to the property's value as of the date of the sale.
The Wilmores next contend that the trial court and the Nations' experts erred in basing their valuations on the State's offers to purchase land in the vicinity of the subject property. Generally, the reason that offers to purchase are inadmissable is that such evidence is unreliable. Fletcher v. Smith, 216 So.2d 663 (La.App. 3rd Cir.1968), writ denied, 253 La. 633, 219 So.2d 173 (1969). Although the Wilmores are correct in their reliance on this evidentiary rule, the Nations' experts were emphatic in declaring that at no time had they taken into consideration any offers made by the State of Louisiana in the preparation of their appraisals. Furthermore, in its written reasons for judgment the trial court makes no reference to the State's offers to purchase in reaching its valuation of the subject property.
The Wilmores further contend that the appraisals of Nations' experts were flawed because they based their conclusions on the erroneous assumption that the subject property was bordered on two sides by public roads. If the property is bordered only by one public road, the property would be subject to being subdivided into just two lots, instead of the four lots which could be formed if two sides of the land are bordered by public roads. We disagree.
Although Mr. Killen, on cross-examination, as well as Mr. Adams and Mr. Waltman, *1271 testified that the subject property did not border on Stuart Lake Road, the trial court recognized that the survey relied upon for this proposition was not a survey of the subject property, and did not include a survey of the Stuart Lake Road. Rather, the road indicated on the survey was simply drawn as a reference point, and the access points to the subject property were not surveyed. The Wilmores produced no relevant testimony to substantiate their argument in this regard. In its written reasons for judgment the trial court found that the subject property bordered on the Stuart Lake Road. After carefully reviewing the record, we can not say that the trial court was clearly wrong in this determination. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The Wilmores, citing Armwood v. Kennedy, 231 La. 102, 90 So.2d 793 (1956), and Foos v. Creaghan, 226 La. 619, 76 So.2d 907 (1955), finally contend that it was erroneous for the trial court to rely upon Mr. Willett's appraisal because he determined the market value of the subject property by looking at its highest and best use. First of all, Foos does not stand for this proposition. Rather, in Foos the court stated that "the highest estimate will not generally be accepted in ascertaining the true value of the property...." (Emphasis added.) In the case sub judice, the trial court did not accept the highest estimate proposed. Likewise, Armwood stands for two basic propositions: (1) speculative values are not to be relied upon in considering whether or not lesion exists; and, (2) because the testimony that the property in question could be developed into a subdivision was highly speculative, the estimate based on this development, being the property's highest and best use, was not applicable.
Despite the Armwood holding, which we consider distinguishable on the facts, subsequent jurisprudence has not followed a rigid rule excluding "highest and best use" as a criteria in the formulation of property value. Instead, the appellate courts have said that in a lesion action a plaintiff is not barred from proof of a higher and better than actual use at the time of sale, but that such evidence will be considered in the light of the state of the property at the time of the sale together with all other attending circumstances affecting fair market value. Fletcher, supra at 666; Valley Land Corp. v. Fielder, 242 So.2d 358 (La.App. 2nd Cir.1970), writ denied, 257 La. 861, 244 So.2d 611 (1971).
Mr. Willett physically examined the subject property, and compared it in light of its physical characteristics to comparable sales in the area. Using a similar analysis, the Wilmores' experts came up with significantly different conclusions. The trial court's assessment of testimony given by expert appraisers is entitled to great respect. Montegut v. Davis, 473 So.2d 73, at 76 (La.App. 5th Cir.1985), writ denied, 477 So.2d 88 (La.1985); Waterbury v. Waterbury, 496 So.2d 1374 (La.App. 3rd Cir. 1986), writ denied, 499 So.2d 88 (La.1987). Where the experts' opinions differ, as in the case sub judice, the trial court is in a better position to determine credibility and the weight to be accorded the experts' testimony, and such determinations by the trial court will not be disturbed on appeal absent manifest error. Waterbury, supra at 1378.
In its written reasons for judgment the trial court, citing the experience of each expert and the particular area of expertise of each, detailed its reasons for valuing the property at an amount closest to the sum suggested by Mr. Willet. Considering the evidence as a whole and the trial court's reasons, we can not say that the trial court was manifestly erroneous in valuing the property at $19,000.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Donald H. and Betty K. Wilmore.
AFFIRMED.