694 So.2d 391 (1996)
MAYNARD BATTURE VENTURE, a Louisiana Partnership In Commendam and George Maynard
v.
The PARISH OF JEFFERSON.
No. 96-CA-649.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1996.
As Amended on Rehearing February 18, 1997.
David C. Loeb, Jack E. Morris, Metairie, for Plaintiffs/Appellants.
Thomas G. Wilkinson, Parish Attorney, Harahan, for Defendant/Appellee.
Paul J. Mirabile, Ira J. Middleberg, Ronald J. Vega, New Orleans, for Defendant/Appellee.
Before GAUDIN, GOTHARD and DALEY, JJ.
*392 DALEY, Judge.
Appellants, Maynard Batture Venture and George Maynard (both referred to as Maynard), appeal the trial court's denial of a preliminary mandatory injunction. Appellants requested the preliminary mandatory injunction to order the Jefferson Parish Council to rezone batture property they own in the Harahan-River Ridge area, pending the decision on their Petition for Review of a Decision of the Jefferson Parish Council and for Damages. We affirm the trial court's denial of the injunctive relief requested.
Appellants claim to own all of the river batture on the east bank of Jefferson Parish between River Ridge and Kenner. The batture is currently zoned R-1A, single family residential, despite appellants' assertions that that zoning classification is entirely unsuitable for land such as batture, which is subject to periodic inundation by the Mississippi River. On January 27, 1993, Maynard filed an application with the Parish Planning Department requesting that the zoning be changed to M-2, heavy industrial, so that appellants could use the land in an economically viable fashion appropriate to its physical characteristics. That body recommended denial of the application, but ordered a study to analyze ways to regulate the batture which would allow reasonable uses of the batture while considering those effects on neighboring residential areas. At a public hearing on May 26, 1993, appellants were willing to amend their requested zoning classification to the more restrictive M-1, but the entire rezoning request was denied by the Council.
Appellants filed a Petition to Review a Decision of the Jefferson Parish Council and for Damages on June 24, 1993. The defendant filed Exceptions of Vagueness, Res Judicata, No Cause of Action, Prescription, and a Motion to Strike. The first three exceptions were denied, the Exception of Prescription was taken under advisement, and the Motion to Strike was sustained, in a hearing held on January 12, 1996. On February 6, 1996, the trial court sustained the Exception of Prescription regarding Maynard's claims for damages for inverse condemnation. These ruling were not appealed, and are not germane to the present appeal.
On March 29, 1996, Maynard filed an Application for Preliminary Mandatory Injunction, requesting that the trial court issue an immediate injunction approving landowners' application for rezoning as per the Fourth Circuit's decision in Parish of Jefferson v. Universal Fleeting, 234 So.2d 88 (La.App. 4 Cir.1970)[1]. The memorandum in support of the application shows that the preliminary mandatory injunction was requested pending the outcome of the appellants' Petition to Review a Decision of the Jefferson Parish Council and for Damages, which has yet to be litigated, and in which the same relief is requested (rezoning) but on a permanent basis. Following a hearing on the preliminary injunction, the trial court denied Maynard's application.
To obtain injunctive relief, the applicant must usually establish that irreparable injury, loss, or damage may result if the requested relief is not granted. La. C.C.P. art. 3601. South Central Bell Telephone Co. v. Louisiana Public Service Commission, 555 So.2d 1370 (La.1990). The mover must show that he is entitled to the relief sought and must make a prima facie showing that he will prevail on the merits. Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., 94-547 (La.App. 5 Cir. 2/15/95), 652 So.2d 44. A showing of irreparable injury is not necessary when the act sought to be enjoined is unlawful, or a deprivation of a constitutional right is involved. South Central Bell Telephone Co. v. Louisiana Public Service Commission, supra.
One generally recognized purpose of a preliminary injunction is to preserve the status quo during the pendency of further judicial proceedings. Id. (emphasis ours). A mandatory injunction, so named because it commands the doing of some action, cannot be issued without a hearing on the merits. Maestri v. Destrehan Veterinary Hospital, 554 So.2d 805 (La.App. 5 Cir.1989); Walker *393 v. Investment Properties, Ltd., 483 So.2d 1131 (La.App. 5 Cir.1986). A mandatory injunction may not be issued on a merely prima facie showing that the party seeking the injunction can prove the necessary elements; instead, the party must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. Denta-Max v. Maxicare Louisiana, Inc., 95-2128 (La.App. 4 Cir. 3/14/96), 671 So.2d 995.
Irreparable injury, for the purposes of a preliminary injunction, means that the applicant cannot be adequately compensated in money damages for the injury, or that he will suffer injuries which cannot be measured by pecuniary standards. Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., at 47.
Appellants' application does not seek to preserve the status quo pending the hearing on the merits; it is a request for a mandatory injunction. It asks for the identical relief as in the action on the merits, and asks the trial court to grant such relief, a specific zoning change, before discovery and an evidentiary hearing. On those grounds, the trial court correctly denied the appellants' application.
We also do not find that the appellants have shown that they are entitled to the relief sought, or that they have shown the deprivation of a constitutional right. Appellants have not shown that they have an entitlement or a constitutional right to the zoning classification they seek: M-2, heavy industrial. The case upon which they rely, Universal Fleeting, did not order the rezoning of this batture from R-1A. Instead, that court found that despite the batture's zoning as residential, the riparian owners (and the public) were granted rights under LSA-C.C. arts 455, 457, and 665 to "use the batture in any reasonable manner provided he does not seriously obstruct or impede the public use of the banks or of the stream." Universal Fleeting at 91. The court held that parish zoning ordinances may not supersede the provisions of the civil code upon the same subject, and therefore, the R-1A zoning would not prohibit the owners from using the batture to moor barges, as this activity was consistent with those activities contemplated by the above Civil Code articles. Universal Fleeting does not hold that appellants have the right to demand a specific zoning change. Additionally, there has been no showing that the activities allowed in an M-2 zone are the same as the rights afforded riparian owners under Civil Code articles 455, 457, and 665 (now articles 456, 458, and 665).
Nor do we find that the appellants have shown that they will suffer irreparable injury if this injunctive relief is not awarded before the merits of the case have been decided. Their petition asks for specific money damages, which by itself shows the lack of irreparable injury.
Both parties spend much of their briefs arguing the merits of this case, which we find is not properly before us, as the trial court has not ruled upon the same. For the reasons above, we affirm the trial court's denial of appellants' application for preliminary mandatory injunction.
AFFIRMED.

ON REHEARING
PER CURIAM.
In this court's original opinion, dated December 30, 1996, we stated the following on page 3: "At a public hearing on May 26, 1993, appellants were willing to amend their requested zoning classification to the more restrictive M-1, but the entire rezoning request was denied by the Council." As The Parish of Jefferson points out in their Application for Rehearing, this statement does not accurately reflect the contents of the record; therefore, we hereby amend the above sentence to read as follows: "At a public hearing on May 26, 1993, appellants allege in their appellate brief that they were willing to amend their requested zoning classification to the more restrictive M-1, but the entire zoning request was denied by the Council."
NOTES
[1] The Universal Fleeting case involved activities on the same batture. George Maynard was a party to that suit as property owner.