REDMANN, Judge.
Defendants, an employer and two employees who were towing one tractor-truck with another, appeal from a judgment for a guest passenger in a car which rearended the towed truck. (The car driver does not appeal the dismissal of his suit, and “plaintiff” hereafter means the passenger alone.) We reverse.
The collision occurred at about 3:30 a. m. on a two-lane, 35 mph limit roadway. The trial court concluded “there was sufficient light and sufficient distance for the plaintiff [driver] to have seen the [defendant] vehicle and to have taken evasive action if traveling at a reasonable rate of speed.” But he gave judgment for the guest passenger, reasoning “defendants were negligent in pulling their truck out onto the highway at night without any signalman or device to warn off traffic regardless of the lighting situation.”
Evidently the trial judge did not resolve in plaintiff’s favor the disputed factual issues about the lighting of truck and street. From our review of the record we believe the clear preponderance of the evidence (including electric company evidence) is that the street was adequately lighted by mercury-vapor lamps installed the previous day, despite plaintiff witnesses’ contradictory evidence (including the testimony of investigating police officers, who perhaps misremembered this accident as occurring prior to the new street lighting). Further, the preponderance is that quartz floodlighting on defendant employer’s premises added considerable light to the adjacent street where the accident occurred. And, finally, it is difficult to suppose the trial judge could have rejected defendants’ evidence (including photographic) that the tractor-truck being towed had reflectors and lights on its rear; less certain is that the lights were lit, although the trial judge’s reasons did not. resolve even this conflict of testimony in plaintiff’s favor.
Undisputed is that plaintiff driver did not leave skid marks (except possibly a *584 four or five foot skid which was under the car) and did not apply his brakes until the collision was about to occur.
Yet plaintiff driver had at least 400' from the crest of a small levee crossing in which to see the truck and to stop. Both driver and guest passenger testified their speed was reduced from the 35 mph limit when going over the levee rise.
The two trucks had completed their turn from terminal onto roadway. This is not a case of one vehicle pulling into the path of another and, by its entering the roadway, causing the accident. Assuming defendant drivers averaged 5 mph (the speed they had reached), in the time they traversed the at least 50' they did travel, the car at 35 mph would have covered at least 350'. We conclude that the accident was caused exclusively by the car driver’s negligence.
The judgment appealed from must be and is reversed and plaintiff’s suit dismissed at his cost.
Reversed.