303 So.2d 844 (1974)
E. R. TAYLOR et ux.
v.
Robert L. ROME et al.
No. 9910.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
Rehearing Denied December 16, 1974.
*845 Charles W. Franklin, Baton Rouge, for appellants.
David M. Ellison, Jr., Baton Rouge, for appellees.
Before LOTTINGER and COVINGTON, JJ., and BAILES, Judge Pro Tem.
BAILES, Judge Pro Tem.
The issue of this appeal by the plaintiffs is the sufficiency of the award of damages. Defendants have neither appealed nor answered the appeal. On our finding that the award was inadequate, we increase the quantum. As amended, the judgment is affirmed.
This is a suit to recover damages for personal injuries, property damages and medical expenses. Plaintiffs are husband and wife. Plaintiff-husband, individually, seeks recovery of medical expenses incurred in the treatment of injuries to his wife and son and damages to his automobile, and as administrator of his son's estate, *846 damages for physical injuries to him. Plaintiff-wife sues to recover damages for her physical pain and suffering and mental pain and anguish resulting from her injuries.
The accident giving rise to this action occurred in the City of Baton Rouge on March 9, 1973. Plaintiff's automobile was driven by his minor son, Ralph Michael Taylor, and the other vehicle was owned by defendant, Robert L. Rome, driven by his wife and insured by Allstate Insurance Company, also a defendant herein. The accident occurred when the Rome vehicle made a left turn across the path of the Taylor vehicle as the two vehicles approached from opposite directions.
At the commencment of the trial, the defendants admitted liability, thus rendering the sole issue before the trial court that of quantum. It awarded Mrs. Taylor $4,000.00 for her injuries, Mr. Taylor $1,153.00 for property and medical expenses, and $500.00 for injuries to his minor son.
The trial court rejected Mr. Taylor's claim for doctor's fee of $452.50 and hospital bill of $349.00 incurred in the treatment of the Baker's cyst in the popliteal area of Mrs. Taylor's right knee, and her claim for general damages related thereto. Plaintiffs contend the trial court erred in rejecting these items of damages, and that it further erred in awarding inadequate quantum both for Mrs. Taylor's other injuries and the son's injuries.
Immediately after the accident Mrs. Taylor and her son, Michael, were seen at the emergency room of the Baton Rouge General Hospital. A physician there rendered first aid and released them. Three days later both Mrs. Taylor and Michael were examined and treated by their family physician, Dr. Vance Byars.
Dr. Byars found that Michael had what he terms minor injuries which included a laceration on the inside of his mouth which required no sutures, a sprain of the right knee, and bruises on his face and leg. The doctor testified that he had recovered in about a week. Michael contends that he had a neck sprain which did not last very long. He complained of discomfort in his knee after participating in school sports, however, all of these aches and pains cleared up in about two weeks.
On the record before us, we find that the award of $500.00 for Michael's injuries is fair, reasonable and adequate, and does substantial justice between the parties.
We conclude from Dr. Byars' testimony that Mrs. Taylor suffered soft tissue injuries which were painful to her upward to a month. These injuries involved the left shoulder, both hips, right knee, her head and scalp and the central pubic area. According to the doctor she had a large hematoma on her right hip and one in the public area. He considered both painful to her for about two to three weeks. He found that she suffered with severe headaches for about two weeks, however, Mrs. Taylor fixes the period at a month. In addition to these injuries, Dr. Byars found that the accident aggravated a preexisting arthritic condition. He found this aggravation to be painful and disabling to her.
Mrs. Taylor testified that for a period of about three months she was unable to perform the usual and ordinary household chores; that her arthritis in her wrists and knees was aggravated by the accident. The onset of this aggravation immediately followed the accident.
Dr Byars testified that as of the trial date which was nearly a year post accident, Mrs. Taylor still had medical problems but he cannot say that they are related to the accident or her pre-existing condition.
In summary, we find that Mrs. Taylor suffered no fractures, that her head and scalp injuries caused severe headaches which subsided in the main within two weeks to a month of the accident, that the bruises to her hips and pubic area cleared up without incidence, that her shoulder is *847 asymptomatic, and that the aggravation of her pre-existing arthritic condition has subsided. None of her injuries were of a permanent nature.
In considering the award of the trial court of $4,000.00, we cannot relate the instant case to any prior jurisprudence except in a general manner to determine whether under the facts of the instant case the trial court abused its discretion in fixing damages. The bare fact that we might find if we had determined the quantum in the first instance a greater sum would have been awarded cannot serve as a basis for increasing the award. Appellant has cited us to a number of cases in which greater awards were made. Except as it relates to the question of an abuse of discretion, prior jurisprudence exerts no control over the award of damages made by the trier of the case, and is nothing more than a guide. See: Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Miller v. Thomas, 258 La. 285, 246 So.2d 16.
We find no legal or factual basis herein for disturbing the award of the trial court, except as hereinafter noted.
Actually the record is not clear on whether the trial court awarded any damages for the aggravation of the Baker's cyst. Inasmuch as there was no award for the medical expenses for treatment and removal of the cyst, none of the award appears to cover any temporary disability related to the cyst. The record is clear that the cyst was aggravated by the accident and specifically the trauma to the right knee. This is established by the testimony of both Dr. Byars and Dr. Campanella.
It is too well established in our jurisprudence to need citation that a tortfeasor takes his victim as he finds him. This is applicable to the physical condition of this claimant. The condition in her right knee was dormant prior to the accident, but became an acute situation by reason of the accident and required medical treatment. Dr. Campanella testified that regardless of the accident it possibly would have required excision. He had not examined her knee prior to the accident. This prophetic statement does not relieve the defendants of liability for the resulting suffering of the claimant and the expenses incurred by Mr. Taylor in the treatment of the condition.
Immediately after the accident the cyst condition became aggravated and symptomatic. Dr. Campanella first saw Mrs. Taylor on May 22, 1973, some two and one-half months post accident. She was operated on June 6, 1973, under general anaesthetic. Her recovery was not complete until she was released on September 6, 1973. She was in the hospital for four days, in bed for about ten days, and on crutches for a month. After surgery it became necessary to aspirate the knee because of swelling. She was put on a regime of physiotherapy to get rid of the swelling. Her knee was injected and kept immobilized with a knee brace for a month. Difficulty was experienced in getting the popliteal area to heal.
Considering the period of disability, the pain and discomfort, the period of immobility and post operative difficulties and the seriousness of the operation, we find that an award of $4,000.00 is fair, reasonable and adequate. Mr. Taylor is entitled to recover Dr. Campanella's fee of $452.50 and the hospital bill of $349.00.
For the foregoing reasons, the judgment in favor of plaintiff, Mrs. Phyllis Taylor, is increased to the sum of $8,000.00, and the judgment in favor of plaintiff, E. R. Taylor, individually is increased to $1,954.50, and in all other respects the judgment appealed is affirmed. The judgments herein rendered to bear legal interest from date of judicial demand until paid. Defendants are cast for all court costs.
Amended, and as amended, affirmed.