305 So.2d 494 (1974)
Harold E. SPREEN, Jr., and Joseph W. Kirsch
v.
Loyd GIBBS et al.
No. 54817.
Supreme Court of Louisiana.
December 2, 1974.
Rehearing Denied January 15, 1975.
*495 Michael Stagg Guillory, Metairie, and Sanford Krasnoff, New Orleans, for plaintiffs-applicants.
Arthur C. Reuter, Jr., Reuter & Reuter, New Orleans, for defendants-respondents.
MARCUS, Justice.
This matter involves an accident resulting from a collision between an automobile and a tractor which was being towed at the time by another tractor. As a result of this accident, the driver and guest passenger in the automobile received personal injuries. The tractors were owned by a transport company and were operated at the time by its employees. The driver and guest passenger brought suit against the transport company and the two drivers. The trial court found that the accident was caused by the joint negligence of the driver of the automobile and defendant drivers. Accordingly, recovery was allowed to the guest passenger against all defendants, but denied as to the driver of the automobile. Only defendants appealed. The court of appeal reversed, holding that the sole proximate cause of the accident was the negligence of the driver of the automobile.[1] This resulted in the denial of the guest passenger's claim. We granted certiorari to review the correctness of this decision.
In order to resolve this issue, we must review the evidence presented at the trial. The accident occurred on May 18, 1968 at about 3:20 a. m. on France Road in the City of New Orleans. It was dark at the time. France Road, a hard surfaced road with shoulders on each side, runs north and south. The property of Bulk Transport, Inc. is situated on France Road between the point where the road crosses a levee to the south and a curve in the road located to the north. The elevation of where the road crosses the levee is approximately six feet higher than the level of the road in front of defendant company. Both defendant drivers and the investigating police officers fixed the distance from where the road crosses the levee to the point of impact as 150 to 200 feet. Defendants offered the testimony of a civil engineer and surveyor for the apparent purpose of establishing the distance between the rise in the road and defendant company's property; however, after reviewing his testimony and the survey filed in connection therewith, we are unable to reach any conclusion therefrom with any degree of certainty. The curve in the road to the north was estimated to be about 500 feet from where the accident occurred.
On the morning of the accident, the tractor assigned to defendant Gibbs failed to start. Gibbs, together with defendant Estrada, hooked up this tractor to a similar type tractor which was in operation. This was accomplished by the use of a chain which created a distance of about five feet between the vehicles. Said vehicles were estimated to be about 15 feet each in length. Both drivers testified that the failure of Gibbs' tractor to start was caused by a locked "Bendix"; however, the investigating police officers testified that these drivers told them at the scene of the accident *496 that it was due to a dead battery. In any event, they intended to tow the Gibbs tractor in order to get it started. Several attempts were made in the company yard without success because of the muddy condition of the ground. Sufficient traction could not be achieved. They then decided to try on France Road where better traction could be obtained. The testimony again conflicts as to the type of lights on the towed tractor and as to whether or not the lights were turned on at the time of the accident. Estrada was certain that all lights were on, while Gibbs could recall only turning on the parking lights, which also turned on the tail lights. Plaintiffs testified that there were no lights on the tractor at the time of the accident. No lights were on when the police officers arrived at the scene after the accident. A check of the lights revealed them not to be warm; also the lights on Gibbs' tractor, when turned on, were dim. It is not disputed that the lights of the plaintiff car were on at the time of the accident.
In approaching France Road from the company yard, Estrada was driving the lead tractor; Gibbs was operating the tractor being towed. They turned right in a northerly direction. Thus, the rise in the road was to their rear, and the curve in the road to the front. The vehicles moved very slowly onto France Road. Estrada said he saw no cars when he first pulled out; however, soon after he got on the road, plaintiff car came from the direction of the levee and hit the rear of the tractor being towed. Gibbs' testimony was quite revealing in this regard. He testified that, while no cars were approaching when he first started out, he had not travelled over 10 feet on the road when he saw a flash in his mirror. He applied his brakes and was rear-ended by the plaintiff vehicle coming from the direction of the levee. Gibbs stated that he did not see the car until he was hit. The estimated speed of the tractors at the time of the accident was 5 miles per hour; the plaintiff car was travelling at 35 miles per hour, the legal speed limit on France Road. There is a dispute as to the lighting condition of France Road at the time of the accident. Defendant witnesses contend that the new mercury vapor lights had been installed and went into operation for the first time on the evening prior to the accident, whereas, plaintiff witnesses testified that the old lights were still in operation and were quite dim. Police officers estimated the point of impact at about 35 feet from the entrance of the company yard.
Plaintiff driver testified that he did not visually pick up the tractor until he leveled off after going over the rise in the road. He claims that there were no lights on the tractor and that he did not see it until he was about 50 feet away. He applied his brakes, but it was too late to avoid the accident. He stated that he could not cut to the left, as another car was coming in the opposite direction. This was confirmed by the testimony of Estrada. Plaintiff driver also says that he did not cut to the right, as he was fearful of going into a ditch located adjacent to the shoulder of the road on that side. He further testified that the lighting condition of the roadway was bad and that the glare from the lights of defendant's yard impaired his vision as he reached the top of the rise in the road. The testimony of the guest passenger was substantially to the same effect as that of plaintiff driver.
From our appreciation of the record and the conflicting testimony, we conclude that defendant drivers were negligent in attempting to tow the tractor on France Road under the prevailing circumstances and that their negligence was a proximate cause of the accident. This conclusion is based upon the following findings of fact. First, the rise in the road where it crosses the levee to the point of impact was from 150 to 200 feet and was some 6 feet in elevation higher than the level of the road where the accident took place. The length of the two was about 35 feet (each vehicle was 15 feet with 5 feet in between). The tractor being towed had just moved onto *497 France Road when the accident occurred. Gibbs testified that he saw the lights of the plaintiff vehicle in his mirror soon after he got on the road and had moved only about 10 feet when he was rear-ended. Also, the police officers fixed the point of impact at 35 feet from the company entrance. The tractor towed was moving at a slow rate of speed (5 miles per hour), and the plaintiff vehicle was travelling within the speed limit of 35 miles per hour. Irrespective of whether or not the mercury vapor lights were in operation at the time of the accident or whether or not the lights on the tractor were on, the towing of a tractor onto France Road under these facts and circumstances without providing any adequate warning device to approaching motorists created a hazardous condition. This is particularly true since a motorist traversing the rise in the road would have difficulty in seeing, within the range of his headlights, a vehicle also moving in the same direction until his vehicle again reached the level of the roadway. For these reasons, we find defendants liable.
As a result of this finding, plaintiff guest passenger is entitled to recover damages for his injuries from defendants. We do not pass upon the negligence of plaintiff driver. The trial court found him to be negligent and barred his recovery. Plaintiff driver took no appeal from this adverse judgment of dismissal; therefore, it is final.
The question of the quantum of the award for the guest passenger's damages has not been questioned by defendants as an alternative argument in the event of our reversal of the judgment of the court of appeal on the issue of liability. Nevertheless, we have reviewed the adequacy of the award made by the trial judge and find same to be fair and reasonable in view of the damages sustained.
In Canter v. Koehring Company, 283 So.2d 716 (La.1973), we held that an appellate court should not disturb the factual findings of the trial court in the absence of manifest error. Our review of the record convinces us that the court of appeal erred in failing to apply in the instant case this principle of appellate review of facts.
For the reasons assigned, the judgment of the court of appeal is reversed and that of the district court is reinstated.
DIXON, J., concurs with reason.
DIXON, Justice (concurring).
I agree with the majority determination, and would reverse the Court of Appeal and reinstate the judgment of the district court, not because of any "manifest error" rule but because appellate review of the evidence demonstrates that the trial court was correct and the Court of Appeal was incorrect in its determination.
NOTES
[1] La.App., 292 So.2d 582.