COVINGTON, Judge:
This is a tort suit arising out of a vehicular collision. The only issues are (1) causal connection between the accident and Mrs. Hickman’s condition and, (2) quantum. It was stipulated that the accident was caused by the negligence of Mrs. Sum-' rail and that State Farm Automobile Insurance Company was her liability insurer on the pertinent date. The trial court awarded $14,000.00 to Mrs. Hickman, $6,-696.34 to her husband, and taxed all costs against the defendants, Curtis Sumrall, Willie Mae Sumrall and said insurer, in solido, including the fees of the expert witnesses. The defendants are before this court on a suspensive appeal. We affirm.
On February 23, 1973, plaintiff, Eleanor McElveen Hickman, 33 years old, operating the family station wagon, was hit by a school bus operated by Willie Mae Sum-rail, the insured, the impact being to the left rear door and fender of the Hickman vehicle. Mrs. Hickman, who was transporting her children to school, proceeded on her mission following the accident. Later in the day, she began experiencing pain in her right jaw, and the intensity of it increased the next day. On the second day following the collision, she called her dentist, Dr. Warren E. Flynt, who examined her on February 26 and, being unable to find any abnormalitv referred her to her family physician, Dr. E. B. Scoggin. The latter saw her on the same day and found point tenderness of the right temporal mandibular (temporomandibular) joint. He placed her on an anti-inflammatory drug and an analgesic, upon being informed by Mrs. Hickman that the pain was unrelenting, Dr. Scoggin decided to refer her to an oral surgeon, Dr. Peter Salatich, Jr.
On March 7, 1973, Dr. Salatich saw her. He took her history and diagnosed her problem as traumatic occlusion, put her on a liquid and strained diet and diathermy and had her return to him in a week. At that time she mentioned the collision. Diathermy treatments were continued, and the diet was also continued for about six months. During this period of time, she experienced pain in the joint which reduced the function of it, particularly affecting her ability to chew foods.
In December of 1973, Dr. Salatich felt that he had accomplished all that he could and referred her back to her dentist. When asked about a causal connection between the accident and Mrs. Hickman’s condition, Dr. Salatich said that she was very cooperative, not feigning, suffered “very much pain”, that a great percentage of the TM joint problems are caused by trauma, with automobile accidents as contributing causes. He stated that persons could have occlusion problems, as Mrs. Hickman had prior to the trauma, without pain until after an outside force or aggravation is injected, when it becomes unbearable. A tortfeasor takes his victim as he finds him; Taylor v. Rome, 303 So.2d 844 (La.App., 1 Cir. 1974). His bill for services was $210.00.
Mrs. Hickman also saw Dr. Francis R. Abadie, a dentist and visiting lecturer at L.S.U. Dental School. Her first visit to him was on February 17, 1974; he also diagnosed her condition as temporomandi-bular joint dysfunction caused by severe occlusal slides and interferences, triggered by trauma. He put an interim treatment splint in her mouth to relax the muscles *481 and joints. She wore this appliance from March 14, 1974, to June 24, 1974. In order to rebuild her occlusion artificially to correspond to the mandibular position dictated by the interim procedure, he capped virtually all of her teeth. This took 12 office visits, some being of four hours duration, using premedication and a local anesthetic. He completed this procedure on September 12, 1974, and by October 28, 1974, he considered Mrs. Hickman to be trouble free. His bill for treatment was in excess of $5,000.00.
After trial, in which the only testimony was that of the plaintiffs and the depositions of the treating doctors, the court found that the accident did in fact cause Mrs. Hickman’s subsequent problems, she having not had any mandibular pain until then. The judge, considering her pain and discomfort for a period of about 18 months, awarded her $14,000.00 for pain, suffering and disability. Mr. Hickman was awarded $6,696.34 for medical, dental, therapy and related travel expenses. This is the total sum to which he testified on direct examination. Although the cancelled checks and receipts, introduced as P-5 total $5,655.00, this does not include travel and some other items. The $6,696.34 was not disputed, and he was not cross-examined as to the correctness thereof. The expert witness fees were fixed at $50.00 for Doctor Flynt, $75.00 for Doctor Scoggins, and $200.00 each for Doctors Salatich, Abadie and Akin. These fees, together with the reporter’s charge for taking the depositions, were taxed as costs, and assessed against the defendants.
The trial judge, in his Reasons for Judgment, stated:
“The finding of Dr. Salatich, who saw Mrs. Hickman some 22 times, is entitled to great weight. The court is also impressed by Mrs. Hickman’s testimony and the fact that her main concern was to get relief and the relating of the accident to her difficulties was not made by her until her dentist began to explore for prior trauma. Consequently, the court finds that Mrs. Hickman’s injuries were causally related to the accident.”
Where there is evidence to support the trial court’s conclusions of facts, such conclusions will not be disturbed in the absence of manifest error; Spreen v. Gibbs, 305 So.2d 494 (La.1974); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The record, reviewed by this court, reveals abundant evidence to support the finding of the trial judge.
Under LSA-C.C. art. 1934(3), much discretion is left to the judge or jury in the assessment of damages in cases of offenses and quasi offenses, which discretion should not be disturbed upon appellate review in the absence of abuse. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Shepard v. Checker Cab Co., 230 So.2d 343 (La.App., 4 Cir. 1970). We cannot say that the trial judge abused such discretion.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.
AFFIRMED.