SARTAIN, Judge.
This is a suit to determine a dispute between a principal contractor (plaintiff-Ro-ran) and a painting subcontractor (defendant-Carron) and the paint supplier (defendant-SCM Corporation, parent company of Glidden-Durkee). Plaintiff appeals from an adverse judgment. We affirm.
Defendant Carrón argues that he was acting as an agent and employee of Corporate Triangle, Inc., and is not individually responsible.
Defendant SCM contends that the paint it furnished was not substandard and the “failure” complained of was not due to any defect in its product.
The issues presented are exclusively questions of fact. They are (1) who must bear responsibility for the failure of the interior wall surfaces, and (2) whether Aubrey Car-rón acted individually or as an agent of Corporate Triangle, Inc.
As to the first issue, the trial judge, in his written reasons for judgment, stated:
“The testimony clearly indicated that this paint did not fail. The only fault is with the subcontractor for using paint which did not meet the contract’s specifications. A more enamel-like paint as required by the specifications would have been satisfactory for the contractor’s and owner’s requirements; however, it was not used. Randall and Robinson, as representatives of plaintiff and the owner, were on the job on a daily basis. They had ample opportunity to observe the paint in question while it was being applied but never determined that the paint as delivered to the job and applied to the walls was not the paint specified in the contract. The subcontractor’s failure to use the required paint, together with plaintiff’s failure to inspect the paint that was being used is the only fault involved herein. Insofar as SCM is concerned, the court finds no fault. * * * ”
As to the second issue, the trial judge also stated:
“Aubrey Carrón has been sued individually. P-1 indicates that the subcontract was between plaintiff and Corporate Triangle (Corporate). The signature portions of said contract indicate that Aubrey F. Carrón signed as the subcontractor for Corporate. No mention is made in the subcontract itself that Corporate was a corporation. The evidence indicated that Corporate had been duly incorporated on October 19, 1973, and that Barney Manuel and Aubrey Carrón owned the corporation equally. The evidence convinced the court that Carrón fully advised Randall that the corporation was to be the subcontractor. Carrón testified that the contract had to be rewritten to indicate who the subcontractor was and Randall did not deny this fact but admitted it was possible that he wrote another contract wherein he changed the names after being requested by Carrón to do so. Carrón indicated that he did not feel that ‘Inc.’ was necessary because the first word in the corporation name was ‘Corporate.’ From all of the testimony, it is abundantly clear that Carrón did fully advise Randall that he was entering into the contract in his corporate capacity and not personally. Accordingly, there can be no personal judgment against Carrón herein on the main demand.”
An agent who discloses the identity of his principal can not be held to have acted individually so as to be personally liable for the acts of his principal. Williams v. O’Bryan, 257 So.2d 174 (La.App.3rd Cir. 1972).
We find no manifest error on the part of the trial court in the conclusions *1241 noted above. The judgment appealed should be affirmed. Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974); and, Spreen v. Gibbs, 305 So.2d 494 (La.1974).
Accordingly, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.